## T. H. WALLER v. N. A. GRAY ET UX.

Decided June 9, 1906.

**1.—Jurisdiction—Money Demand—County Court.**

A suit was brought in the District Court upon an unliquidated demand for $1,500; afterwards by amended petition the claim was reduced to $500. Held, the District Court had no jurisdiction to try the case after the amendment was filed.

**2.—Same—Legislative Act—Restoring Jurisdiction.**

By an Act of the Legislature, which took effect July 14, 1905, the general jurisdiction of a County Court in civil and criminal matters was restored; in

a suit for damages then pending in the District Court of the same county an amended petition was filed on August 7, 1905, reducing the claim for $1,500 to $500. Held, upon the filing of the amended petition the District Court should have transferred the case to the County Court.

ON REHEARING.

**3.—Interest as Damages—Jurisdiction.**

In a suit for $500 damages and interest thereon, the interest being claimed as part of the damages to which plaintiff is entitled in addition to the amount named as damages, the District Court would have jurisdiction.

**4.—Boundaries—Fraud—Discovery—Limitation.**

The failure on the part of a vendee of land to have the same surveyed and thus determine whether or not the boundaries pointed out by his vendor are correct, is not necessarily negligence, and in the absence of negligence limitation will not begin to run until the fraud is actually discovered.

**5.—Same—Case Distinguished.**

In the case of Bass v. James, 83 Texas, 110, the trial court held as a matter of fact upon the evidence before it, that the purchaser of the land in that case, by the exercise of reasonable diligence, could have sooner discovered the falsity of the representations relied on. In the case at bar the question is as to the sufficiency of plaintiff's pleading, and there is nothing on the face of the pleading which requires a holding that plaintiff was guilty of negligence in not having the land surveyed.

Appeal from the District Court of Roberts County. Tried below before Hon. B. M. Baker.

*Willis & Willis,* for appellant.—The two years' statute of limitation does not apply to the appellant's original petition, and the court erred in sustaining a special exception raising said statute. Davis v. Nuzum, 40 N. W. Rep., 497; Alvord v. Waggoner, 29 S. W. Rep., 797; Brown v. Brown, 61 Texas, 49; Guinn v. Ames, 11 Texas Ct. Rep., 71; Bass v. James, 83 Texas, 110.

*Coffee & Kelly* and *Theodore Mack,* for appellee.—Where plaintiff by amendment reduces the amount sued for below the jurisdiction of the court, jurisdiction is lost, where he refuses to amend. Haddock v. Taylor, 74 Texas, 216; Townsend v. Texas & N. O. Ry., 13 Texas Ct. Rep., 456; Creswell Ranch Co. v. Scoggins, 18 Texas Civ. App., 376.

Although plaintiff's original petition might have claimed damages in an amount within the jurisdiction of the District Court, still where he afterwards amends and sues for exactly $500, and his trial amendment concludes with prayer for judgment "as in his original petition," this concluding prayer is regarded merely as a "flourish of the pleader" and jurisdiction depends upon the amount which the allegation of the petition shows plaintiff is entitled to. In this case the trial amendment clearly showed that plaintiff was claiming exactly the sum of $500. Buer v. Prescott, 14 S. W. Rep., 138.

The County Court and not the District Court has exclusive jurisdiction of a money demand for exactly $500. Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Texas, 654; Carroll v. Silk, 70 Texas, 23; Betterton v. Echols, 85 Texas, 214; Garrison v. Pacific Express Company, 69 Texas, 345;

Lazarus v. Swafford, 15 Texas Civ. App., 369; Creswell v. Scoggins, 15 Texas Civ. App., 376; Cleaver v. Duke, 93 Texas, 657.

CONNER, CHIEF JUSTICE.—This suit was originally instituted by appellant in the District Court of Gray County to recover of appellees damages in the sum of $1,500, it being alleged in substance that this sum constituted the difference in value between a certain tract of land sold by appellees to appellant as it actually existed and as by them fraudulently represented. By agreement of all parties the venue of the case was thereafter changed to the District Court of Roberts County. In the latter court, on the 7th day of August, 1905, appellant filed an amended petition, it is styled a trial amendment, in which he limited his demand to the sum of $500, the distinct allegation being "that said $500 represented the difference in the value between the said land as it actually existed and as represented by defendant Gray." Appellees move to dismiss the case for want of jurisdiction in the District Court of Roberts County.

As originally presented the District Court of Roberts County undoubtedly had jurisdiction of the case, but it seems equally clear that by the trial amendment appellant deprived himself of the right of being further heard in that court. It is well settled that the County Court and not the District Court has exclusive jurisdiction of a money demand for exactly $500. (See Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Texas, 654; Carroll v. Silk, 70 Texas, 23; Betterton v. Echols, 85 Texas, 214; Garrison v. Pacific Express Co., 69 Texas, 345; Lazarus v. Swafford, 15 Texas Civ. App., 369; Creswell v. Scoggins, 15 Texas Civ. App., 376.) At the time of the filing of the trial amendment the general jurisdiction of the County Court of Roberts County (theretofore removed) had been restored by an Act of the Twenty-ninth Legislature (Acts Regular Session 1905, page 111) which became effective July 14, 1905. The Act provided that when it took effect it should be the duty of the district clerks of the counties therein named to make full and complete transcripts of all orders on the criminal and civil dockets in cases then pending before the District Court of which cases by the provisions of the Act original jurisdiction was given to the County Court, and to deliver said transcripts with the original papers and a certified copy of the bill of costs in each case to the county clerk, who should file the same and enter the cases on the County Court docket for trial in that court. It follows, in the opinion of the majority, that upon the filing of appellant's said trial amendment, the District Court of Roberts County should have entered the proper order transferring the case to the County Court.

It is suggested that the Act related to pending cases only and that inasmuch as the trial amendment had not been filed at the time the Act began to speak or take effect, no authority existed for a transfer. The majority are of opinion, however, that the trial amendment should be construed as appellant's interpretation of his original petition, and as truly stating the exact limit of his claim for damages which had been erroneously stated or enlarged in the original petition. Until the Act referred to took effect the District Court of Roberts County had jurisdiction of the case viewed either as one of County or District Court cognizance, inasmuch as by law until then the District Court had the

jurisdiction of both courts. When the Act took effect the case was apparently one to which the Act did not apply, for on the face of the original petition the amount in controversy gave jurisdiction to the District and not the County Court. As interpreted, however, by the amendment the case at all times was a County Court case and when this fact appeared, was made known by the amendment, the majority think the legislative Act applied, and that the court could and should have then done what it had merely failed to do because of the mistaken or false allegation in the original petition.

The judgment will therefore be reversed and the cause remanded for proceedings in accordance with this opinion.

### ON REHEARING.

On the original hearing we overlooked the effect that we now think must be given to the prayer of the trial amendment. The amended petition is concluded with the prayer "for judgment as in his original petition." In addition to the $1,500 damage alleged by the plaintiff in his original petition, he prayed to recover "interest thereon," with costs of suit, etc. We have concluded that the prayer of the amendment is sufficient to authorize the assessment of interest on appellant's claim. If appellant, under the allegations of his petition, is entitled to interest, it follows that we were in error in the conclusion originally announced that the District Court was without jurisdiction. The interest mentioned added to the $500 principal sum claimed in the amended petition clearly puts the case within the jurisdiction of the District Court, and the motion for rehearing will therefore be granted. This conclusion requires of us a consideration of the assignments of error, but before passing to them we will observe that the "interest" of which we speak in disposing of the motion for rehearing is not that allowed *eo nomine* by law, but such as is permitted by way of damages, and which we think, under the facts alleged, is included in appellant's measure of damages. (See Heidenheimer & Co. v. Ellis, 67 Texas, 426; Baker v. Smelser, 88 Texas, 26; 3 Washburn on Real Property, p. 528.)

It appears that upon the trial appellee specially excepted to appellant's original petition "because the said petition charges the alleged fraud for which plaintiff is seeking to recover was perpetrated more than five years before the institution of this suit, and fails to allege facts that will take said claim out of the statute of limitation; wherefore defendants say that said cause of action is barred by the two years statute of limitation," etc. The court sustained this exception, whereupon appellant filed the amendment mentioned above and in the original opinion, but the court ruled that the trial amendment did not meet the ruling of the court upon the special exception, and appellant having declined to further amend, the cause was dismissed. We think the court erred in the action stated. It was alleged in both the original and amended petitions that appellee Gray at the time of the fraudulent representations charged was in possession of the land afterwards proven to be not a part of the survey appellant had purchased; that appellee pointed the same out as part of the survey purchased, and that appellant believed such statements and was without reason for thinking otherwise. In the amended petition it

was alleged that appellant went into possession of the identical land so pointed out and remained in possession to the exact boundaries as pointed out until the 5th day of October, 1899, when appellant sold the land to another; that appellant, relying upon appellees' said representations, likewise represented the land as part of the survey sold; that appellant's vendee remained in possession until January 29, 1904, when he was ousted from the 116 acres of land so lost; that this date was the first intimation appellant had of the falsity of the representations made by appellee Gray; that appellant had continuously relied upon said representations as being true up to said date, and that appellant "could not have known the falsity of said representations by the use of ordinary diligence at any time theretofore," etc. There was no exception to the trial amendment and we think the averments are sufficient to admit proof on appellant's part that he was not negligent in his failure to have earlier discovered the fraud charged. It has sometimes been said that actual concealment is necessary, and that the mere fact of nondiscovery of a fraud is not enough. This can not mean that the defrauded party must necessarily have used some affirmative means to discover the fraud, for he might not have the slightest suspicion of its existence. The rule only requires that the defrauded party's ignorance must not be due to negligence; that he remains ignorant without any fault of his own; that he has not discovered the fraud and could not by any reasonable diligence discover it. The question is one of negligence *vel non.* (2 Pomeroy's Equity Jurisprudence, 3d ed., sec. 917, note 2, and authorities therein cited.)

This case is perhaps distinguishable from the case of Bass v. James, 83 Texas, 110, so much relied upon by appellees, in that, among other things, the holding there was to the effect that the trial court did not err in holding as a matter of fact that the purchaser by the exercise of reasonable diligence could have discovered the falsity of the representations relied upon in time to have avoided the bar of the statute. The decision there was upon the facts, and we can not say that all of the evidence upon which that opinion was based is set out in the opinion. It may be, therefore, that the facts of that case amply supported the conclusion there stated that the purchaser by survey could have earlier discovered the falsity of the representations alleged. But in the case now before us nothing on the face of the pleadings requires the holding that appellant was guilty of a want of due diligence in a failure to cause a survey of his land. Nothing on the face of the pleadings shows a reason for distrusting appellees' statements, and as before stated, we therefore think the allegations of the amended petition sufficient, in the absence of special exception, to admit proof upon the issue.

For the error of the court discussed the motion for rehearing is granted, the judgment reversed, and the cause remanded to the District Court of Roberts County.

*Reversed and remanded.*