### HARLAN et al. v. ACME SANITARY FLOORING CO. et al. (No. 185–3228.)

(Commission of Appeals of Texas, Section B. June 1, 1921.)

**1. Appeal and error ⬯722(1)—Appellant not restricted to assignments in motion for new trial.**

Appellant is not restricted to the assignments in the motion for a new trial, but may file assignments of error independently of those specified in such motion.

**2. Trial ⬯181—Statute requiring objection to charge before submission to jury not applicable to peremptory instruction.**

Acts 33d Leg. (1913) c. 59, requiring an objection to the charge to be made before given to the jury, is not applicable to a peremptory instruction.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Lee Harlan and others against the Acme Sanitary Flooring Company and others. Judgment for defendants, affirmed by the Court of Civil Appeals (203 S. W. 412), and the plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and case remanded, with instructions.

Edwards & Edwards and A. S. Thurmond, all of El Paso, for plaintiffs in error.

Thornton Hardie, C. W. Croom, and Jones, Jones & Hardie, all of El Paso, for defendants in error.

KITTRELL, J. This action was brought by plaintiffs in error against defendants in error, based on allegations that plaintiffs were induced by fraudulent representations made by defendants to buy 60 shares of the stock of the Acme Sanitary Flooring Company. The representations were alleged to have been that the company was fully incorporated, with a paid-up capital stock of $25,000, but more money was needed for working capital, and, if the plaintiffs would take $6,000 worth of stock, the company would have $12,-000 working capital. The plaintiffs were to receive treasury stock, which they thought they were receiving and did receive; whereas they did not, and for that reason, and others, alleged they were deceived, defrauded, and suffered damages. In view of the disposition made of the case, no further statement of the pleadings is necessary.

At the close of the testimony for plaintiff,

the trial court of its own motion, and without argument being heard, directed the jury to return a verdict for defendants. Plaintiffs filed a motion for a new trial, containing four grounds of alleged error, which, while different in phraseology, were substantially the same in legal effect, in that every one directed attention to the error which counsel conceived the trial court had committed in directing on its own motion, and without argument, a verdict for defendants. Plaintiffs in error also filed assignments of error, two in number, in the office of the clerk, and these were used in the brief as the basis for the propositions on which they rested their appeal. Both the motion for a new trial and the assignments of error filed with the clerk were duly indexed as a part of the record.

The Court of Civil Appeals refused to consider the assignments and affirmed the judgment. It based its action on two grounds:

First. That the statute requires that the assignments in the motion for a new trial shall constitute the assignments of error, and that neither of the assignments presented in the brief were true copies of any paragraph of the motion for a new trial.

Second. That the plaintiff in error failed to object to the peremptory instruction in favor of defendant before it was given to the jury.

[1] The holding of the Court of Civil Appeals on the first ground is contrary to, and in conflict with, the holding of the Supreme Court in the case of Hess & Skinner v. Turney, 109 Tex. 208, 203 S. W. 593. The holding in that case has recently been reaffirmed in a case not yet officially reported. Barkley et al. v. Gibbs et al., 227 S. W. 1099. In the memorandum of approval by the Supreme Court of Judge Sadler's opinion in that case, Chief Justice Phillips uses the following language:

"We have expressly ruled in Hess & Skinner v. Turney, 109 Tex. 208, 203 S. W. 593, that under article 1612 as amended by the act of 1913, an appellant is entitled to have considered assignments of error filed independently of those specified in his motion for a new trial. He may adopt the assignments in his motion for new trial or not, as he chooses."

The question may therefore be treated as no longer an open one, and it follows that the holding of the Court of Civil Appeals upon the first ground stated in its opinion was erroneous.

[2] The holding of that court on the second ground is also erroneous, because of its being contrary to and in conflict with the holding of the Supreme Court in Walker v. Haley, 214 S. W. 295, Decker v. Kirlicks, 216 S. W. 385, and Shumaker v. Byrd, 216 S. W. 862. The holding in those cases is that the requirement of chapter 59, Acts of the 33d Legislature, that objection to the charge must be made before it is given to the jury, has no application to a peremptory instruction. Justice to the Court of Civil Appeals of the Eighth District requires that it be said that its opinion in the instant case was delivered before the cases last cited were decided.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the case be remanded to that court, with instructions to consider the assignments.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.