## GOLDEN WEST OIL CO. NO. 1 et al. v. GOLDEN ROD OIL CO NO. 1 et al. (No. 11441.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 5, 1925.)

1. Appeal and error ⬯396—Failure to give notice of appeal in open court two days after judgment does not deprive Court of Civil Appeals of jurisdiction, where petition and bond for writ of error were properly filed (Rev. St. 1925, arts. 2253, 2255–2258).

Under Rev. St. 1925, arts. 2255–2258, failure to give notice of appeal in open court two days after judgment, as required by article 2253, does not deprive Court of Civil Appeals of jurisdiction, where petition and bond for writ of error were properly filed with district clerk.

2. New trial ⬯156—District judge held authorized to continue motion for new trial to next term of court (Acts 38th Leg. [1923] c. 105).

Under Acts 38th Leg. (1923) c. 105, district judge held authorized to continue motion for new trial to next term of court.

3. Appeal and error ⬯13—Defeated party had right to appeal by writ of error after expiration of term, and would be presumed to have abandoned redress by motion for new trial.

Where motion for new trial was not acted on before expiration of term at which judgment was rendered and was continued, defeated party had right of appeal from judgment by writ of error, and would be presumed to have abandoned any redress by motion for new trial.

4. Appeal and error ⬯281(1)—Plaintiffs in error, having abandoned motion for new trial after expiration of term, are limited in Court of Civil Appeals to questions presenting fundamental error.

Although plaintiffs in error had right to abandon motion for new trial after expiration of term and appeal by writ of error, they are limited in Court of Civil Appeals to questions presenting fundamental error.

5. Appeal and error ⬯387(1)—Filing date of writ of error bond will be taken to be its own date, which is date of clerk's approval, where citation in error is dated day later, although marginal notation shows filing of two months later.

Where writ of error bond was dated March 17th, and clerk's approval bore same date, and citation in error was dated March 18th, filing date will be taken to be March 17th, although marginal notation shows filing on May 17th.

6. Appeal and error ⬯655(3)—Objection that statement of facts on writ of error was filed after required time will be considered waived, where motion to strike was filed more than 30 days after statement of facts was filed (rule 8 of Court of Civil Appeals; Rev. St. 1925, art. 2092, § 31, and article 2093).

Under rule 8 of Court of Civil Appeals, objection that statement of facts on writ of error was not filed within time required by Rev. St. 1925, art. 2092, § 31, will be considered waived, where motion to strike was filed more than 30 days after statement of facts was filed, if article 2092, § 31, applies to writs of error in Court of Civil Appeals, in view of article 2093.

7. Appeal and error ⬯564(3)—Approval of judge of statement of facts on writ of error after refusal of attorney for defendant in error to sign them because not presented in time, and incorrect and incomplete, held to amount to extension of time for filing (Rev. St. 1911, art. 2073 [Rev. St. 1925, art. 2246, § 3]).

Approval of trial judge of statement of facts on writ of error presented to him after refusal of attorney for defendant in error to sign them, because not presented in time and incorrect and incomplete, held to amount to an extension of time for filing under Rev. St. 1911, art. 2073 (Rev. St. 1925, art. 2246, § 3).

Error from District Court, Tarrant County.

Suit by the Golden West Oil Company No. 1 and others against the Golden Rod Oil Company No. 1 and others. Judgment for defendants, and plaintiffs bring error. On motions to dismiss appeal and strike out statement of facts. Motions overruled.

Burns, Christian, Gumm & Gordon, and T. F. Hunter, all of Wichita Falls, for plaintiffs in error.

Clay Cooke, of Fort Worth, for defendants in error.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Certified questions pending in Supreme Court.

BUCK, J. On November 7, 1925, we overruled defendants in error's motion to dismiss the appeal in this case. It appears that plaintiffs in error filed in the court below a motion for new trial on October 3, 1924, and on October 24th filed its amended motion for new trial, which was answered by defendant in error on November 6, 1924. On March 17, 1925, they filed their application for writ of error, and on the same day filed their writ of error bond.

But it further appears, from a supplemental transcript filed in this court, that on October 4, 1924, the trial court entered this order:

"The motion for a new trial of the defendant M. O. Danciger et al. filed herein be and the same is hereby passed to the next term of this court without prejudice, and the same may be heard and acted upon at the next term of this court.        R. E. L. Roy, Judge."

On January 3, 1925, the trial court entered this order:

"It appearing to the court that there is now pending several motions and pleas of privilege [s] not acted upon during this, the October term of this court, for various reasons, and it further appearing that the same should be passed to the January term of this court for final disposition, it is therefore ordered, adjudged, and decreed by the court that all motions and pleas of privilege[s] not acted upon during this the October term of this court are hereby passed to the January term, 1925, without prejudice, for final disposition.
        "R. E. L. Roy, Judge."

It does not appear that plaintiff in error's motion was passed upon by the court below during the October term, nor, so far as the record discloses, has it ever been passed upon.

It does not appear that plaintiffs below, plaintiffs in error here, gave notice of appeal to the Court of Civil Appeals. It has been held that it is essential to the right of appeal that the party appealing give notice of appeal in open court. Article 2253, Rev. Civil Statutes 1925. Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, provides:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of the court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given; if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county." Eclipse Paint & Mfg. Co. v. New Process Roofing & Supply Co., 55 Tex. Civ. App. 553, 120 S. W. 532.

[1] Without a notice of appeal actually given in open court, the appellate court cannot acquire jurisdiction of the case, even by consent of the appellee. W. U. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Wesley v. Kuteman, 26 Tex. Civ. App. 365, 62 S. W. 1074; Sov. Camp, W. O. W., v. Shaddox (Tex. Civ. App.) 217 S. W. 1094; Luse v. Parmer (Tex. Civ. App.) 221 S. W. 1031, writ of error refused; White v. Day (Tex. Civ. App.) 230 S. W. 843; Blaylock v. Slocomb (Tex. Civ. App.) 231 S. W. 864. But the case of Vineyard v. McComb, 100 Tex. 318, 99 S. W. 544, has been construed to hold that the filing with the district clerk of the petition and bond for writ of error perfects the writ of error, though the transcript should not be filed in the Court of Civil Appeals until service has been had on the defendant in error. McPhaul v. Byrd (Tex. Civ. App.) 174 S. W. 644. We think this is a correct construction of articles 2255, 2256, 2257, 2258, etc., of the Rev. Civil Statutes 1925. If this construction is correct, and we think it is, and supported by the authorities, then the failure to give notice in open court two days after judgment below would not deprive this court of jurisdiction, and the motion to dismiss should have been overruled.

But the defendants in error rely upon another ground for the dismissal of the appeal. While the trial court has under advisement a motion for a new trial, and the time within which the power of the trial court to grant such motion has not expired, can the appellant or plaintiff in error, by taking an appeal or writ of error, deprive the trial court of jurisdiction, and confer jurisdiction upon the appellate court?

[2] The Seventeenth district court of Tarrant county has four terms, beginning on the first Monday in January, April, July, and October of each year, and it may continue in session until the business is disposed of. Plaintiffs in error filed their motion for new trial in the July term, and it was continued by the court, first, to the October term, and then, perhaps, under the orders heretofore set out, to the January term. In the 1923 Acts of the Legislature, Regular Session, page 215, the Legislature provided certain rules of practice to be followed in civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue three months or longer. This act took effect on July 1, 1923. In the case of Diamond Ice & Cold Storage Co. v. Strube, No. 11382, this court considered sections 14, 15, 16, and 17 of this act, now sections 28, 29, 30, and 31, and held that the provision requiring motions for new trial to be determined within not exceeding 45 days after the original motion or amended motion is filed was merely directory, and not mandatory, where the court entertained an

amended motion for new trial filed more than 45 days from the filing of the original motion. On motion for rehearing, we certified to the Supreme Court the question as to whether this court erred in overruling the motion to dismiss the appeal for want of jurisdiction. A motion to advance was overruled by the Supreme Court, and the question has not yet been answered. But we believe we were correct in so deciding, and, if so, the judge of the Seventeenth district court was authorized to continue the motion for new trial from the July term to the October term, and, perhaps, from the October term to the January term. But the latter question we do not decide.

Defendants in error rely on Garza v. Baker, 58 Tex. 483, to sustain their motion to dismiss. The facts shown in that case should be considered in order to understand the decision. Garza, as plaintiff, had recovered in the trial court judgment against the Bakers for the restitution of certain premises and for $250 damages. Plaintiff Garza filed a motion to reform the judgment, which was overruled, and he gave notice of appeal from that portion of the judgment relating to damages, and defendants gave notice of appeal from the judgment as a whole. The Bakers executed and delivered to the clerk a good and sufficient appeal bond, and demanded a transcript, which the clerk refused to issue. Garza applied by motion to the trial court to compel the clerk to issue a writ of restitution, which was refused. Garza then filed in the district court his motion to set aside the judgment and grant him a new trial. This motion was granted. Then Baker and wife presented a statement of facts to the attorneys of Garza, to which they declined to agree, and they indorsed their refusal thereon. The district judge declined to sign a statement of facts. All of these proceedings were had during the term in which the judgment was rendered in the district court. In denying the application for the writ, the Supreme Court said that the trial court had jurisdiction over the judgment until the term had expired, and cited Blum v. Wettermark, 58 Tex. 125. This is the only question decided in Garza v. Baker.

[3] We think that plaintiffs in error had the right to appeal from the judgment in the court below, especially after the term had expired at which the judgment had been rendered; that they should be presumed to have abandoned any redress by motion for new trial. In O'Neil v. Duffey (Tex. Civ. App.) 250 S. W. 772, this court said:

"We do not think that it affirmatively appears from the record of the original case that the judgment rendered in the lower court and in this court was void. We think undoubtedly the defendants in that suit could have appealed without making any motion for a new trial, the cause having been tried before the court without the intervention of a jury, and that, an

appeal bond having been filed prior to the overruling of the motion for a new trial, it must be held that in fact the appeal was taken from the original judgment, rather than from the judgment and order of the court overruling a motion for new trial. In Owen v. Terrell, 21 N. M. 647, 157 P. 672, the Supreme Court of New Mexico held that the pendency of a motion, not necessary to the perfecting of an appeal or writ of error, will in no wise invalidate the appeal or writ of error; but the perfecting of the appeal or writ of error, while such motion is pending and undisposed of, will be considered as an abandonment of the pending motion in the trial court. U. S. v. Hodge, 6 How. 279, 12 L. Ed. 437; Brown v. Evans (C. C.) 18 F. 56; West v. Cunningham, 9 Port. (Ala.) 104, 33 Am. Dec. 300. These cases hold that the filing of a motion for new trial does not waive an appeal or writ of error from the original judgment. See, also, United States v. Dashiell, 4 Wall. 182, 18 L. Ed. 319."

See, also, Hunt v. Iowa Central Ry. Co., 86 Iowa, 15, 52 N. W. 668, 41 Am. St. Rep. 473.

Plaintiffs in error also urge that the continuance of the motion for new trial would have probably deprived them of the right to come up on a writ of error, inasmuch as the six months allowed for the application for writ of error dates from the rendition of the judgment rather than from the date of overruling the motion for new trial. Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; St. L. & S. F. Ry. Co. v. Stapp (Tex. Civ. App.) 171 S. W. 1080; Pope v. Wedgeworth (Tex. Com. App.) 221 S. W. 950.

If the trial court had refused to pass upon the motion for new trial in the January term because of any claimed lack of authority so to do, or from any other reason, plaintiffs in error would have been deprived of the right of appeal by writ of error, and they would have had a judgment against them rendered in the July term, which had never been set aside. Probably they would have been entitled to a writ of mandamus to this court to compel the trial court to act on the motion for new trial, but that proceeding would have taken time, been expensive, and probably of doubtful expediency. The failure of the record to disclose that the motion for new trial was ever acted upon by the trial court perhaps would justify the conclusion that it was not acted upon. In case of doubt on our part as to whether the facts show that plaintiffs in error have complied with the requirements of appeal, by writ of error in this case, we are of the opinion the question should be decided in favor of his right of appeal.

[4] We conclude that plaintiffs in error had the right to abandon their motion for new trial, under the circumstances shown, and to appeal by writ of error, even though the trial court had continued their motion for new trial, but that in this court plaintiffs in error are limited to questions presenting fundamental error.

[5] While the writ of error bond is shown by the marginal notation to have been filed on May 17, 1925, which would have been more than six months from the date of the rendition of the original judgment, on, to wit, September 24, 1924, yet we have concluded that this filing date should be March 17, 1925. The bond is dated March 17th, and the clerk's approval is dated on the same day, and the citation in error is dated March 18, 1924.

[6] The statement of facts and transcript show to have been filed in this court on May 19, 1925. In section 31, art. 2092, Rev. Civil Statutes 1925, it is said:

"In such appeals the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the attorney of such adverse party if found correct, and if found incorrect shall be returned within that time with a written statement of the objections thereto."

Defendant in error moves to strike out the statement of facts, because filed too late. This section has been held to apply to cases appealed by writ of error as well as those coming up on direct appeal. Martin v. Martin (Tex. Civ. App.) 229 S. W. 695. The motion to strike was filed on November 15, 1925, more than 30 days after the statement of facts was filed, on, to wit, May 19, 1925. Rule 8, for guidance of the Courts of Civil Appeals, provides:

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

This rule has been held to apply to a statement of facts as well as to the transcript. Quijano v. Howard (Tex. Civ. App.) 237 S. W. 319; I. & G. N. Ry. Co. v. Hood, 55 Tex. Civ. App. 334, 118 S. W. 1121. We think the informality as to filing was waived. Tyler v. Sowders (Tex. Civ. App.) 172 S. W. 205. Moreover, we question the applicability of article 2092, section 31, to writs of error to the Courts of Civil Appeals. Article 2093, Rev. St. 1925, provides:

"All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter, but shall not be affected by this law in so far as they relate to other district courts. All laws and rules of practice and procedure provided for other district courts shall continue in effect and operate and be observed in the civil district courts of the class covered by this law. In all trials and proceedings not provided for herein, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included herein."

[7] Article 2246, § 3, Rev. St. of 1925, provides:

"Upon application of the party appealing, the judge before whom the cause is tried may, in term time or vacation for good cause shown, extend the time for filing such statements of fact and bills of exception; but the time shall not be extended in any case so as to delay the filing of the statement of facts together with the transcript of the record in the appellate court within ninety days after the date of filing the appeal or writ of error bond."

The defendant in error's attorney refused to sign the statement of facts presented to him in the following language:

"The above statement presented to me May 8, 1925, is not agreed to for the reason not presented within the time required by law, and because incorrect and incomplete.
                              "Clay Cooke."

Thereupon the judge approved the statement of facts prepared by counsel for plaintiffs in error in the following words:

"The parties having failed to agree upon a statement of facts, and plaintiff Golden West Oil Co. No. 1 and defendants M. O. Danciger and Joseph Danciger having presented a statement of facts to me, and defendants Golden Rod Oil Co. No. 1, Clay Cooke, W. L. Propst, and E. D. Davenport having failed to present a statement of the facts in said cause, from the statement presented and my knowledge of the facts in said cause, I have prepared the foregoing statement of facts therein, which I certify to be a full, fair and correct statement of the facts in said cause.
                      "R. E. L. Roy, Judge."

We think the approval of the trial judge of the statement of facts presented to him amounts to an extension of the time for filing, if any extension was necessary. In construing article 2073, Rev. St. of 1911, the courts have held that in writs of error the statement of facts may be filed within 90 days after the service of citation in error. City of Aransas Pass v. Eureka Fire Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330; W. U. Tel. Co. v. White (Tex. Civ. App.) 143 S. W. 958; Early Foster Co. v. Mid-Tex. Mills (Tex. Civ. App.) 232 S. W. 1117.

Hence the motion for rehearing on the motion to dismiss the appeal and the motion to strike out the statement of facts are overruled.