**GOLDEN ROD OIL CO. NO. 1 et al. v. GOLDEN WEST OIL CO. NO. 1 et al. (No. 918–4688.)**

Commission of Appeals of Texas, Section "A." March 30, 1927.

**1. Appeal and error ⬅➡66—Under the statute, appeal or writ of error may be taken from "final judgment" of the district court in civil cases (Rev. St. 1925, art. 2249).**

Under Rev. St. 1925, art. 2249, appeal or writ of error may be taken from every final judgment of the district court in civil cases; "final judgment" being an award of the judicial consequence which the law attaches to the facts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**2. Appeal and error ⬅➡76(3)—Judgment canceling drilling contract and for money held final, from which appeal or writ of error lies, although motion for new trial was pending (Rev. St. 1925, art. 2249).**

Judgment canceling a drilling contract and for money, not having been vacated, held final judgment, within Rev. St. 1925, art. 2249, from which appeal or writ of error could be taken to the Court of Civil Appeals, although motion for new trial was pending.

**3. Appeal and error ⬅➡436—A writ of error has effect to deprive trial court of jurisdiction pending appeal.**

A writ of error has the effect to deprive the trial court of jurisdiction pending appeal.

**4. Appeal and error ⬅➡438—Plaintiffs, by perfecting appeal by writ of error during pendency of motion for new trial, thereby abandoned motion.**

Plaintiffs, having perfected appeal by writ of error during pendency of their motion for new trial, thereby abandoned motion.

**5. Appeal and error ⬅➡2—Act prescribing time within which bond may be filed does not modify method of perfecting appeal by writ of error (Rev. St. 1925, art. 2092).**

While Acts 38th Leg. (1923) c. 105 (Rev. St. 1925, art. 2092), prescribe time within which appeal bond may be filed, it does not change or modify method of perfecting appeal by writ of error.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by the Golden West Oil Company No. 1 and others against the Golden Rod Oil Company No. 1 and others. Judgment for defendants was reversed by the Court of Civil Appeals, and cause remanded (285 S. W. 631), and defendants bring error. Affirmed.

See, also, 285 S. W. 627.

Clay Cooke, of Fort Worth, for plaintiffs in error.

Ringolsky, Friedman & Boatright, of Kansas City, Mo., T. F. Hunter, of Wichita Falls, and Lloyd H. Burns and Hyer & Christian, all of Fort Worth, for defendants in error.

BISHOP, J. Tarrant county has more than one district court with civil jurisdiction only, and whose terms continue for three months. One of these, the Seventeenth district court, has four terms, beginning on the first Monday in January, April, July, and October, of each year.

On September 24, 1924, plaintiffs in error recovered judgment in the Seventeenth judicial district court against defendants in error, canceling a drilling contract and for the sum of $15,000. Defendants in error filed motion for new trial on October 3, 1924, and their amended motion for new trial on October 24, 1924.

On October 4, 1924, the court entered an order passing the motion for new trial to its January term for consideration. On March 17, 1925, defendants in error filed their application for writ of error to the Court of Civil Appeals, and on the same day filed their writ of error bond. The motion for new trial was still pending at the time the application for writ of error and writ of error bond were filed.

The plaintiffs in error filed a motion to dismiss the appeal, for the reason that, at the time the writ of error was sued out, the judgment of the district court was not a final judgment under article 2249, Revised Civil Statutes 1925, in that the district court

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had under consideration the motion for new trial. This motion was by the Court of Civil Appeals overruled (285 S. W. .627), and, on hearing of the cause, the judgment of the district court was reversed, and the cause remanded (285 S. W. .631).

[1, 2] Two methods of conferring jurisdiction upon the Courts of Civil Appeals to review the action of district courts in rendering final judgments are provided by our statutes. One is by appeal, and the other by writ of error. Article 2078, Revised Civil Statutes 1911 (article 2249, Revised Civil Statutes 1925), provides that:

"An appeal or writ of error may be taken * *\ * from every final judgment of the district court in civil cases."

To this provision there are no exceptions. A final judgment in contemplation of this article is an award of "the judicial consequences which the law attaches to the facts." Ware v. Jones (Tex. Com. App.) 250 S. W. 663. The judgment here involved is such an award and is a final judgment which had not been set aside or vacated at the time writ of error was perfected. The provision allowing an appeal or writ of error to be taken from .every final judgment included the judgment from which this appeal was taken. The proposition that no judgment is final while a motion for new trial is pending in the trial court has no application to the term "final judgment," as same is used in this article, but only has reference to a judgment which may become final in the sense that the trial court has no further power or jurisdiction over it.

[3, 4] A writ of error has the effect to deprive the trial court of jurisdiction pending appeal. The defendants in error, by perfecting appeal by writ of error, abandoned their motion for new trial in the trial court. While they would have had the right to appeal by giving notice and filing appeal bond, should their motion for new trial have been overruled, this did not prevent them from abandoning their motion and perfecting appeal by writ of error, and, as the legal rights of plaintiffs in error could not be adversely affected by the abandonment of the motion, they are in no position to complain.

[5] Here defendants in error have sought by writ of error to confer jurisdiction upon the appellate court to review the action of the district court in rendering judgment against them. They have complied with all the requirements of the statutes in suing out their writ of error, and, as a legal result of such compliance, jurisdiction was conferred upon the Court of Civil Appeals. None of the provisions of chapter 105, Acts of the Thirty-Eighth Legislature (article 2092, Revised Civil Statutes 1925), "relating to procedure in civil district courts in coun-

ties having two or more district courts with civil jurisdiction only and whose terms continue three months or longer," have any reference to, nor control over, an appeal by writ of error to the Court of Civil Appeals. While this act does prescribe the time within which an appeal bond may be filed, it does not purport to change or in any way modify the method of perfecting appeal by writ of error.

The order of the Court of Civil Appeals overruling the motion to dismiss appeal was correct, and, as we approve the judgment reversing the judgment. of the district court and remanding the cause, we recommend that same be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.