## RIDDLE v. CERTAINTEED PRODUCTS CORPORATION.

### No. 4115.

Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1931.

Rehearing Denied Nov. 19, 1931.

Walter D. Nicholson, of Fort Worth, for plaintiff in error.

Virgil M. Blow and Ernest May, both of Fort Worth, for defendant in error.

LEVY, J.

The defendant in error sued and obtained judgment September 8, 1930, against the plaintiff in error for the price of certain merchandise. It was alleged that on or about February 9 and February 16, 1928, respectively, the plaintiff in error was doing business under the trade-name of the Acme Roofing Company, either individually or as a member of a partnership, and that on these dates the Beavers Products Company, a New York corporation, sold and delivered to the plaintiff in error, or to said partnership, at plaintiff in error's request, the merchandise described in an attached account, which was verified, aggregating the sum of $1,340.01. The motion for new trial, filed September 17, 1930, was never presented to the court, nor acted upon by the court, either at that term of the court ending on October 4th, or at the succeeding term of the court. The writ of error was duly sued out by the plaintiff in error on March 8, 1931.

The assignments of error complain of the peremptory instruction to the jury, of sustaining objections to evidence offered, and in not sustaining a plea in abatement. The defendant in error submits the point that this court could not consider the above-stated assignments of error, but would be confined to the consideration of fundamental errors only, because the plaintiff in error abandoned the motion for new trial, citing Golden West Oil Co. v. Golden Rod Oil Co. (Tex. Civ. App.) 285 S. W. 627. In that case the Court of Civil Appeals at Fort Worth through Judge Buck, in a similar case to the present one, concluded that the appellate court would be limited to the consideration of questions presenting fundamental error in case the appealing litigant abandoned redress by motion for new trial. That case was transferred to the Court of Civil Appeals at Waco, and there formally decided by that court upon questions of fundamental error. 285 S. W. 631. In such case the procedure adopted by the appealing party of not presenting the motion to the trial court and perfecting a writ of error was given the effect of abandoning or consenting to the striking from the file docket of the motion for new trial. It is usually deemed necessary that errors occurring during the progress of the trial shall be made the basis of a motion for a new trial as prerequisite of the consideration of such errors on appeal. See 3 C. J. §§ 849, 850, citing the rule in Texas. In the view of the holding in the above case, it is believed the present appeal must be affirmed as no fundamental error appears of record.

But should it be correct, as seemingly held, that plaintiff in error was entitled to file and have considered on appeal assignments of error independently of the motion for new trial (Temple Hill Development Co. v. Lindholm [Tex. Com. App.] 231 S. W. 321, and Harlan v. Flooring Co. [Tex. Com. App.] 231 S. W. 348), then we nevertheless conclude, after due consideration of the assignments presented in plaintiff in error's brief, there was no reversible error in the trial of the case, and the judgment should be affirmed.