## CITY OF ABILENE v. AMERICAN SURETY CO. et al.
### No. 1282.

Court of Civil Appeals of Texas. Eastland.
June 1, 1934.

Rehearing Denied June 29, 1934.

H. L. De Busk and Wiley L. Caffey, both of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellees.

LESLIE, Justice.

The appellant, city of Abilene, sued R. M. Barnes, Mrs. Alvin L. Barnes, and the surety on their respective bonds, for certain sums of money alleged to have been collected by them and unaccounted for to the city. R. M. Barnes was the city assessor and collector, and Mrs. Barnes was employed in that office at the time of the alleged default. R. M. Barnes and others presented a plea to the jurisdiction of the trial court, pleas of misjoinder, general demurrer, and a general denial. The case was decided on the plea to the jurisdiction, and, from the judgment sustaining the same, this appeal is prosecuted.

Preliminary to a consideration of the merits of the appeal, the first question for determination is presented by the appellees' motion to dismiss the appeal on the ground that the record filed herein does not show that this court has jurisdiction of the cause, in that it is not shown therein that the appellant gave notice of appeal, in open court, within two days after final judgment, or two days after judgment overruling the motion for new trial, and had same noted on the docket and entered of record as required by article 2253, R. S. 1925, as amended by Acts 1927, c. 15 (Vernon's Ann. Civ. St. art. 2253).

Underlying this contention are the following facts, disclosed by the transcript: The judgment was rendered September 26, 1933, sustaining the plea and dismissing the suit. To this judgment plaintiff excepted and gave notice of appeal as recited in the judgment. September 27, 1933, the plaintiff filed in the trial court a motion for a new trial. That motion was overruled the same day by order of record, but no exception was taken to the action overruling said motion, and no notice of appeal was given then, or subsequently thereto. The plaintiff, being an incorporated city as alleged, is permitted to appeal from the judgment merely by giving statutory notice to that effect. It is conceded that the notice of appeal recited in the judgment of September 26th would have been sufficient to vest jurisdiction of the cause in the Court of Civil Appeals, but the contention is made that inasmuch as the trial court had control over its judgment until its adjournment, and since the trial court was still in session October 2, 1933, the date of making the transcript, the plaintiff, by filing said motion for new trial and requiring action thereon by the trial court, abandoned its original notice of appeal and sought relief in the trial court. That in order to have a basis for an appeal under the circumstances, it therefore became necessary for the plaintiff to except to the order overruling the motion for a new trial and give notice of appeal within two days thereafter.

Under the contention, it is insisted by the appellees that the statute (article 2253, R. S. 1925 as amended (Vernon's Ann. Civ. St. art. 2253) requires that notice be given "within two days after final judgment, or two days after judgment overruling a motion for a new trial"; that where a motion for a new trial is filed the judgment entered does not become final for purpose of appeal until the trial court overrules such motion, and that the law, therefore, requires that notice of appeal be given in such cases after the overruling of the motion.

This contention is overruled. As we interpret the record, and specially the plaintiff's acts, it abandoned its right of appeal based on its motion for a new trial, and not its right of appeal as preserved in the judgment

of September 26th. This it had a right to do. In such case it would, of course, have no right to predicate error upon any proposition which could only be preserved by presenting same to the trial court by motion for a new trial and giving him an opportunity to pass thereon for the first time as, for instance, such questions as misconduct of the jury, newly discovered evidence, etc. No such questions are presented by this appeal. The trial was before the court without a jury, and the points raised were presented to and ruled on by the trial court prior to the judgment of September 26th. If this appears to be undue anticipation of the record in this respect, it will nevertheless reflect the court's view that, where rights under the motion for a new trial are abandoned, the only points remaining to be considered by the appellate court are those fundamental in nature, and those on which a ruling was invoked on the trial. Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667; Egan v. Lockney Farmers' Co-op. Soc. (Tex. Com. App.) 284 S. W. 937; 3 Tex. Jur., p. 259, § 169. The Supreme Court has often held that the mere fact that a party has filed a motion for a new trial does not restrict him on appeal to assignments in the motion. Harlan v. Acme Sanitary Flooring Co. (Tex. Com. App.) 231 S. W. 348.

■ More directly to the controlling proposition, we are of the opinion that the judgment of September 26th was a "final" judgment in the sense that this appeal may be prosecuted therefrom, notwithstanding a motion for a new trial was made and overruled. We think this conclusion is warranted by the statute as construed in Golden Rod Oil Co. v. Golden West Oil Co. (Tex. Com. App.) 293 S. W. 167, 168; Id. (Tex. Civ. App.) 285 S. W. 627, and authorities there cited.

The statute relating to judgments from which an appeal may be prosecuted reads, in part, as follows: "An appeal or Writ of Error may be taken * * * from every final judgment of the district court in civil cases." Article 2249, R. S. 1925, as amended by Acts 1927, c. 52, § 1 (Vernon's Ann. Civ. St. art. 2249).

Of this statute, the court, in the opinion cited, said, "To this provision there are no exceptions"; and then proceeds further as follows: "The proposition that no judgment is final while a motion for new trial is pending in the trial court has no application to the term 'final judgment,' as same is used in this article, but only has reference to a judgment which may become final in the sense

that the trial court has no further power or jurisdiction over it."

■■ It was held in that case that the plaintiffs in error abandoned their motion for a new trial in the trial court. The rule, or principle, is believed to be applicable to the facts of this case. While the plaintiff herein would have had the right to appeal from the order overruling the motion for a new trial by excepting and giving notice thereof, this did not prevent its abandoning that motion and prosecuting its appeal from the judgment of September 26th, and predicating error on rulings made in the main trial. By pursuing this course, the city of Abilene did not affect adversely the appellees, or in any way infringe upon their statutory rights. In addition to the above authorities, see Reef v. Hamblen (Tex. Civ. App.) 47 S.W.(2d) 375; Steger v. Shofner et al. (Tex. Civ. App.) 54 S. W.(2d) 1013. In fact, the course pursued by the appellant operated to the advantage of the appellees, since points raised and presented for the first time in the motion for a new trial were waived. Appellees, not being prejudiced by this act of the appellant, should not be heard to complain of the same.

Obviously the above statute grants an absolute right to a litigant, and, as pointed out in the authority first cited, "there are no exceptions" to that provision. Further, the statute provides that notice of appeal, essential to the right of an appeal (Art. 2253, R. S. 1925 as amended Vernon's Ann. Civ. St. art. 2253), may be given in open court "within two days after final judgment, or two days after judgment overruling a motion for a new trial." The plaintiff has complied strictly with these provisions of law.

If the benefits of a motion for a new trial may be abandoned while under consideration of the trial court, and before action thereon, as was done in the Golden Rod Case, supra, without prejudice to the litigant's right to prosecute a writ of error, we see no reason why the litigant may not abandon the special benefits of a motion for a new trial and timely prosecute an appeal from a final judgment as was done in this case. It is believed to be within the letter and the spirit of the law.

■ Further, the legal effect given to the facts in the instant case has the merit of resolving all doubts, if any, in favor of the appeal. That is believed to be a sound rule of law. In the opinion of the Court of Civil Appeals in the Golden Rod Case, 285 S. W. 627, 629, is found this language: "In case of doubt on our part as to whether the facts show that

plaintiffs in error have complied with the requirements of appeal, by writ of error in this case, we are of the opinion the question should be decided in favor of his right of appeal."

For the foregoing reasons, we conclude that the plaintiff is entitled to prosecute its appeal from the original judgment of September 26th. The motion to dismiss the appeal is overruled.

The authorities cited by the appellees in their brief as warranting, or requiring, this court to dismiss the appeal, have been carefully considered. The facts of those cases distinguish them from the instant one, and render them inapplicable here.

This brings us to a consideration of the appeal on its merits. The fact issues raised by the plea to the jurisdiction were presented to the court without the intervention of a jury, and, at the conclusion of the testimony, the court sustained the plea and dismissed the case. To this ruling appellant assigns error, sufficient in form and substance, we think, to challenge the correctness of the ruling and judgment of the court.

The object of the suit was to recover an alleged shortage in funds charged primarily against R. M. Barnes, city collector, and incidentally against Mrs. Barnes, working in the tax department. The allegations against her seemed to have been based on a complaint, or report, made by the collector to the surety on her bond. In this respect, the plaintiff alleged that the exact nature and contents of this report were unknown to it, but it sought recovery for such items as might be chargeable to her, whether all or a part of the amount involved in the suit.

Shortages in different sums and at different times were alleged, but those constituting the substantial basis of the suit are evidenced by auditors' reports; one for $330.26 of date April 30, 1932, and the other for $333.-60, of date April 30, 1933. These amounts aggregate $663.86. Other items not necessary to be noticed here, presented and set up for the first time in the amended petition, raised the demand as a whole to $806. These allegations of amounts sought to be recovered were attacked by the appellees as having been falsely and fraudulently made for the purpose of conferring jurisdiction on the district court. The plaintiff's right to include these additional amounts in the first-amended petition were contested, and, without determining the merits of such contentions, we will for the purpose of this opinion disregard said items, thereby giving the benefit of the point

to the appellees. When this is done, there remains the sum of $663.86 claimed in both pleadings and reported short in the auditors' statements.

■ The appellees, defendants below, made claim that the bonding company had paid $190 on the defaults; that the plaintiff knowingly disregarded this fact in alleging the amount of default, and that, had same been taken into consideration, the jurisdictional amount would have fallen from $663.86 to $473.86, thus coming within the jurisdiction of the county court only. Considerable controversy seems to have revolved about this $190 item. There was a question as to whose default it should be applied upon, and also the more serious question as to whether the city had ever accepted it in payment on any one's default. These questions may also be disregarded for the present. If it be conceded that the defendants were entitled to a credit of $190 of date May 24, 1933, and that the plaintiff should have made its allegations accordingly, there would still remain the question as to whether or not the pleadings and the proof presented suit for an amount within the jurisdictional limit of the district court. Deducting this item of $190, the decisive point would then be whether or not the plaintiff sought and was entitled to recover on the above sum of $473.86 interest at the rate of 6 per cent. as damages for unlawful detention of money, or as interest eo nomine. The latter is excluded from consideration in arriving at such jurisdictional amounts, but the former must be included therein.

That the plaintiff in his pleadings sought to recover such an amount as damages for unlawful detention, or conversion, of money is quite clear. At one point, the plaintiff alleges "it to be a fact that money and effects in the net sum of $808.86 have been unaccounted for in the tax department of the said city during the tenure of office of R. M. Barnes as assessor and collector of taxes." Following this is the allegation: "The city is entitled to interest on the alleged shortages of approximately $100.00 making aggregate liability, jointly and severally, in the sum of $808.86, for which, to the city of Abilene, the defendants are liable."

Further on in the concluding part of the petition it is alleged: "The city has lost the use of the money, the aggregate sum of which as set forth herein amounts to $808.86 and the reasonable and fair interest on said money at a legal rate is the sum of $100.00 for which plaintiff prays judgment as damages resulting from the defaults as set forth herein."

It is clear from these allegations that the plaintiff's suit is one for interest as damages for unlawful detention or conversion of money, in addition to the amount of the principal default alleged. Therefore, taking the least period for which such interest would accumulate, namely, the respective dates of the auditors' reports, and the date upon which suit was filed, August 7, 1933, it will be found that the accumulated damages, added to the $473.86, brings the amount within the jurisdiction of the district court, namely, $501.35. This conclusively appears in the pleadings and the testimony. Such interest as damages calculated from the date of default in each particular item to the date of filing suit, the amount would be $505.02. Giving the appellees the benefit of the most favorable hypothesis, the amount falls within the jurisdictional limit of the district court, and the plaintiff's cause should not have been dismissed.

That such interest as damages resulting from a conversion or wrongful detention of money must be included or considered in arriving at the jurisdictional amount involved in any particular suit is well established, as may be seen from the following authorities: Baker v. Smeiser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; American Surety Co. v. North Texas Nat. Bank (Tex. Civ. App.) 14 S.W.(2d) 88, 89; Royal Indemnity Co. v. North Texas Nat. Bank (Tex. Com. App.) 25 S.W.(2d) 822; Robinson v. Lingner (Tex. Civ. App.) 183 S. W. 850; Dwyer v. Bassett (Tex. Civ. App.) 29 S. W. 815; Moser v. Tucker (Tex. Civ. App.) 195 S. W. 259; Waller v. Gray, 43 Tex. Civ. App. 405, 94 S. W. 1098; Western Union Tel. Co. v. Eckhardt (Tex. Civ. App.) 2 S.W.(2d) 505 (10); 13 Tex. Jur. p. 521, §§ 141, 142, and 143; Townes' Texas Pleading (2d Ed.) p. 157, et seq. Interest eo nomine is not sought under the pleadings and testimony in this case, and the authorities just cited clearly point out the characteristics which distinguish interest eo nomine from interest sought as damages in a case like the instant one.

The trial court erred in dismissing the plaintiff's suit, and, for the reasons assigned, the judgment of that court will be reversed, and the cause remanded.

### On Rehearing.

In their motion for rehearing, appellees earnestly insist that we erred in considering any of appellants' assignments of error. In view of the fact that the trial court could not have rendered its judgment dismissing the cause for want of jurisdiction without holding that the interest prayed for was no part of the damages, it is the view of the majority that the questions decided were sufficiently assigned. But, regardless of this, we all agree that the error of the trial court is apparent from a consideration of the pleadings and the judgment, without reference to the statement of facts, and that our former disposition of the case was correct, aside from the question of whether the assignments of error were sufficient.

The motion for rehearing will accordingly be overruled.