**Howard F. CONNOR, Appellant,**

v.

**Morris L. COLLINS et al., Appellees.**

**No. 14242.**

Court of Civil Appeals of Texas.

San Antonio.

April 1, 1964.

Rehearing Denied April 29, 1964.

Phillip E. Palmer, San Antonio, for appellant.

Leslie J. Bretz, V. H. McFarland, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the 45th District Court of Bexar County by Morris L. Collins and Bruce Waitz, attorneys at law, against Howard F. Connor, Mary Connor Minor and, pro forma, her husband, Ray W. Minor, seeking a declaratory judgment to the effect that they were entitled to have an execution issued in the name of Mary Connor Minor for their benefit, against Howard F. Connor in Cause No. F–141,302, a divorce case in the 57th District Court of Bexar County, in order that they might

collect the sum of $500.00, awarded Mary Connor as attorneys' fees for their services in that cause.

Defendant Howard F. Connor filed a plea to the jurisdiction of the 45th District Court, asserting that the amount involved was the sum of $500.00, and that the District Court was without jurisdiction to hear and determine a suit for the exact sum of $500.00, which plea to the jurisdiction was overruled and judgment rendered in favor of plaintiffs as prayed for, from which judgment Howard F. Connor has prosecuted this appeal.

■ Appellant's first point is that the court erred in overruling the plea to the jurisdiction of the court. We sustain this point. The purpose of this suit is to collect the $500.00 attorneys' fees awarded by the judgment rendered in Cause No. F–141,302. The District Court does not have jurisdiction of a suit where the amount in controversy is exactly $500.00 or less. Gulf, C. & S. F. R. Co. v. Rainbolt, 67 Tex. 654, 4 S.W.2d 356; Waller v. Gray, 43 Tex. Civ.App. 405, 94 S.W. 1098.

■■ Appellees contend that since this suit is one for a declaratory judgment brought under the provisions of Art. 2524–1 Vernon's Ann.Civ.Stats., the question of the amount in controversy is not material. We do not agree.

The provisions of Art. 2524–1, supra, authorizing the bringing of suit for a declaratory judgment, do not in any way change the law as to jurisdiction of Texas Courts. Shaver v. Hughes, Tex.Civ.App., 214 S.W. 2d 176; Lincoln v. Harvey, Tex.Civ.App., 191 S.W.2d 764.

In Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862, in speaking of the Uniform Declaratory Judgments Act, the Court said:

"The Act is remedial in nature and procedural in character. It does not create jurisdiction in the courts over subjects in which they had no jurisdiction before the passage of the Act.

It has only changed the method of exercising existing jurisdiction."

The judgment of the trial court is reversed and the cause dismissed for want of jurisdiction in the trial court.