Louis SIKES et ux., Appellants,

v.

CRESCENT FINANCE CORPORATION, Appellee.

No. 17134.

Court of Civil Appeals of Texas, Fort Worth.

June 26, 1970.

Fillmore, Lambert, Farabee & Purtle, and David Smith, Wichita Falls, for appellants.

Nelson, Sherrod, Carter & Oldham, and Eugene Sherrod, Jr., Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

We have for consideration the motion of the appellants to dismiss the appeal, coupled with the unusual circumstance where the appellee is found opposing the motion although in no respect is it a cross-appellant.

Premise for the stand taken by the appellee lies in the fact that subsequent to attachment of the jurisdiction of this appellate court (by the appellants' "perfection of their appeal") the trial court granted appellants' Motion for New Trial. In view of such action by the trial court the appellee, which had won its case in the trial court during the course of the earlier proceedings, found its victory wiped out by action of the trial court in reversing itself.

At least the appellee's victory would be erased unless it could successfully contend that the trial court was without jurisdiction to grant the new trial. That is the exact contention here made. The theory upon which appellee has chosen to found its contention is that the trial court's jurisdiction ceased because the jurisdiction of the Court of Civil Appeals had attached, and that as a result the right of the trial court to grant the new trial—otherwise admittedly obtaining—was extinguished.

■ The fact that appellate jurisdiction has attached to the Court of Civil Appeals in a civil action does not extinguish the right of a trial court to exercise its jurisdiction to grant a new trial of a case in which it has rendered a judgment and as to which judgment an appeal has been "perfected", so long as its jurisdiction has not been exhausted.

Both sides recognize the truth of the statement above during the time-honored "30-day period" following judgment entry. However, in the instant situation the trial court's jurisdictional authority flowed from the action of the appellant (defendant) in filing a Motion for New Trial and amending such by an Amended Motion for New Trial, so that the material date: that on which the new trial was granted, was beyond the "30-day period" but within the period during which the trial court is clothed with jurisdiction to grant a new trial upon application of the complainant party because the jurisdictional period was extended by operation of the rules of law which come into action upon the timely filing of a motion for new trial and/or an amended motion for new trial.

There is no reason for the rule to be any different under these circumstances from the rule applicable had the new trial been granted during the first 30-day period after judgment was entered. The jurisdictional authority of the trial court to grant a new trial cannot be abbreviated as to period by the action of any party; but said authority, at least in respect to its power to

grant a new trial, can be extended. Such is the effect upon the basic 30-day term period where there is action of a party litigant filing timely motions relating to and praying for the grant of such a new trial.

In the instant situation this appellate court, though clothed with jurisdiction because of the appellants' action in "perfecting" their appeal, nevertheless finds and holds that its appellate jurisdiction is subsidiary and subject to defeat in the event there should be action of the trial court granting (and ordering) a new trial of the case within the period during which it has jurisdiction so to do under the procedure rules of Texas law. Such jurisdiction of the trial court, which entered the judgment, is not subject to defeat by action or agreement of any party to the litigation (including the "perfection" of an appeal) or even pursuant to the wish of the trial court itself. Only by entry of an order overruling the Motion for New Trial (by reason of the pendency of which its jurisdiction persisted) may the trial court extinguish the right, existent until the time of such action, to change its judgment. Necessarily trial court sets aside the judgment when it directs a new trial of the case.

Some of the cases to which we have made reference in arriving at such holding, are: Brown v. American Finance Co., 432 S.W.2d 564 (Dallas, Tex.Civ.App., 1968, writ ref., n. r. e.); Blum v. Wettermark, 58 Tex. 125 (1882); Garza v. Baker, 58 Tex. 483 (1883); Cude v. Sanderson, 235 S.W.2d 927 (San Antonio, Tex.Civ.App., 1951, no writ hist.); Bergman v. West, 262 S.W.2d 435 (Waco, Tex.Civ.App., 1953, no writ hist.). We see nothing to affect our holding in the respect stated in the opinions in the case of Golden West Oil Co. No. 1 v. Golden Rod Oil Co. No. 1, 285 S.W. 627 (Fort Worth, Tex.Civ.App., 1925), and the opinion of the Texas Commission of Appeals in the same case—at 293 S.W. 167 (1927)—which affirmed the judgment of the Court of Civil Appeals.

The appeal is dismissed.