## GRAY et al. v. KALISKI. (No. 8021.)

Court of Civil Appeals of Texas. San Antonio. June 9, 1928.

Rehearing Denied June 27, 1928.

**1. Appeal and error ⚖➾765—Rules requiring each party to file four briefs before hearing is mandatory (Court of Civil Appeals Rule 36).**

Rule 36 of Court of Civil Appeals, requiring each party to file four briefs with clerk of court on or before day fixed for hearing cause, is mandatory, and is in connection with other rules prescribed for good briefing.

**2. Appeal and error ⚖➾773(2)—Appellee may have case dismissed for appellant's failure to file brief in time without seeking extension to file own brief (Court of Civil Appeals Rules 36 and 38).**

Under Rules 36 and 38 of Court of Civil Appeals, appellee had right to stand on right to cause dismissal because of appellant's failure to file brief in time, and to give appellee reasonable time to reply without seeking extension of time to file his brief.

**3. Appeal and error ⚖➾773(2)—Cause will be dismissed for appellant's failure to file brief in time, unless fundamental error appears on record and is assigned, which error alone will be considered (Court of Civil Appeals Rules 36 and 38).**

Under Rules of Court of Civil Appeals, Rules 36 and 38, cause will be dismissed for failure of appellant to file brief in time, unless fundamental error is apparent on face of record and is assigned, in which case court will not consider appellant's brief, but consider case alone on question of fundamental error.

**4. Trial ⚖➾365(1)—Special jury findings in trespass to try title constituted holding that plaintiff did not hold title in trust, but that defendant held adversely for period of limitations, and setting aside findings was reversible error.**

In suit in trespass to try title to recover title and possession to lands, special findings that there was no agreement to take title in name of plaintiff, and that plaintiff should thereafter hold land as security, and that defendant had been in peaceful and adverse possession of land continuously for more than 10 years prior to filing of suit was holding that plaintiff was not holding title to land in trust, but that defendant was holding it adversely for period of limitations; and action of court in setting aside such findings was reversible error.

**5. Trial ⚖➾362—District court cannot arbitrarily set aside jury's finding in trespass to try title and substitute own finding.**

District courts cannot arbitrarily set aside answer to finding submitted by court and thereby ignore and substitute finding of court for that of jury in action of trespass to try title and substitute judgment contrary to finding.

Appeal from District Court, Bexar County; C. J. Matthews, Judge.

Suit by Belle Kaliski against C. J. Gray and others. Findings by jury for defendants, plaintiff's motion to disregard findings and enter a judgment for plaintiff notwithstanding findings was granted, and defendants appeal. Reversed and remanded for a new trial.

Don A. Bliss and Jno. C. Wall, both of San Antonio, for appellants.

Frank H. Booth, of San Antonio, for appellee.

COBBS, J. Appellee brought this suit in trespass to try title to recover of appellant the title and possession to the lands described in the petition, then specially alleged:

"Plaintiff further alleges: That heretofore, to-wit, on the 3d day of January, 1910, the defendant C. J. Gray made, executed, and delivered to plaintiff his three certain promissory notes, two for the sum of $1,100 each and one for the sum of $1,050, aggregating $3,250. The said notes bore interest from date at the rate of 10 per cent. per annum, interest payable semiannually, and provided for the payment of 10 per cent. attorney's fees in case of default in the payment thereof; and to secure the payment of said notes, the said Gray made, executed and delivered to plaintiff his certain deed of trust on property located in the city of San Antonio, Tex. That on or about the 6th day of May, 1910, the said Gray, for the purpose of securing the payment of said notes, made, executed, and delivered to plaintiff his certain deed of trust upon the property involved in this suit. That on or about the 16th day of October, 1912, the said Gray sold the property involved in this suit to one J. A. Elliff, and as part consideration therefor, the said Elliff made, executed, and delivered to the said Gray his one certain promissory note for the sum of $4,000, and thereupon plaintiff released her claim on said land, taking in lieu thereof, as such security, the $4,000 note of said Elliff. That said Elliff having made default in the payment of said note, the same was delivered to the said Gray by plaintiff upon the agreement that suit would be instituted thereon and to foreclose the lien on said land and that the judgment, when secured should be substituted as security for said note. That thereafter the said C. J. Gray instituted a suit in the district court of Bexar county, Tex., against said Elliff, wherein he sought to foreclose the lien given to secure the same, and obtained judgment. Thereafter, and on or about the 6th day of April, 1915, said property was levied upon by the sheriff of Bexar county, Tex., under the judgment of foreclosure aforesaid, and on that date, said property was sold to plaintiff and the sheriff executed to her a deed conveying the same.

"Plaintiff further alleges: That the defendants herein now claim and pretend that plaintiff took title to said land in trust for the said C. J. Gray, and for the purpose of securing the payment of said three notes aggregating $3,250, interest, and attorney's fees, all of which plaintiff denies, but she further alleges that if such be the fact, the said C. J. Gray is now indebted to her in the sum of the said three notes with interest and attorney's fees, and to secure the payment thereof she has a valid lien on the

property involved in this suit which she now seeks in the alternative to establish and foreclose. That about the month of November, 1924, the said C. J. Gray in writing agreed, bound, and obligated himself to pay to plaintiff the amount of said notes, principal, interest, and attorney's fees, and renewed and extended the same. That thereafter and at a date not definitely known to plaintiff, the said C. J. Gray executed a deed of trust on said land to D. J. Sullivan, trustee, for the purpose of securing the payment to the defendant Don A. Bliss of the sum of $1,000, and thereafter one J. O. Lampkin, substitute trustee, sold said land under said deed of trust and the same was purchased by the defendant Bliss. That at the time of the execution of the note secured by said deed of trust, the said Don A. Bliss had actual knowledge and notice of the existence of plaintiff's claim as herein alleged.

"Wherefore, plaintiff says, in the alternative, that if she is not entitled to recover the land hereinabove described, from the defendants, she is entitled to judgment against the said C. J. Gray for the amount of the principal, interest, and attorney's fees on said notes, with a foreclosure of said lien against both defendants and to a sale of said property to satisfy said judgment.

"Plaintiff further shows that since the year 1916 she has paid taxes on said land in the sum of $311.36, and, if she is not entitled to recover the same, she is now entitled as against both defendants to a lien on said land to secure the repayment of the amount so expended by her in payment of taxes.

"Wherefore, she prays, in the alternative, that she have judgment against the said C. J. Gray for the amount of her said debt, principal, interest, attorney's fees, and taxes, with a foreclosure of her lien upon said land as against both the defendants and that said land be ordered sold for the purpose of satisfying the judgment to be rendered herein. And she prays for such other relief, general and special, as she may be entitled to, either at law or in equity."

The suit is one in trespass to try title—somewhat in conflict with the idea of foreclosing a lien upon land and sale of the property to satisfy a debt, in lieu of a possessory action for the recovery of title and possession of land.

C. J. Gray answered by plea of not guilty, barred by the statute of limitation of ten years, and that the instrument was intended to be and was given as a mortgage as security for a debt that was barred by the statute of limitation of four years, and then further specially answered.

Don A. Bliss answered, first, by plea of not guilty, statute of limitations of four and ten years, and that the alleged instrument sued on was given and intended to be a mortgage upon the land and barred by the statute of limitation of four years. He then specially answered. His answer was practically the same as Gray's answer on the material issues.

To the pleadings of appellants appellee simply pleaded not guilty, then filed a trial amendment and alleged "about the 6th day of January, 1917, the plaintiff and the defendant herein made and entered into a contract of lease under the terms of which plaintiff leased said defendant Gray the property involved in this suit for a term of five years; that the said Gray from the 6th day of January, A. D. 1917, and for a period of five years thereafter, used, cultivated said land as the tenant of said plaintiff, and that his occupancy after the termination of said lease was at the will and sufferance of plaintiff," which was pleaded as an estoppel against appellants since the 6th day of January, 1917.

Appellant excepted to said plea of estoppel "because there is no allegation that by reason of the execution and delivery of said instrument * * * that the plaintiff has been induced to take any action that would put her in a worse position," and then answered that the transaction was never consummated under which the supposed lease contract was executed.

All exceptions were overruled, and proper bills of exception were retained and preserved in the record.

After the evidence was all in, the case was submitted to the jury on special issues.

Appellee filed a motion asking the court to disregard the findings of the jury in answer to certain findings, and enter judgment for appellee, notwithstanding the finding of the jury. This motion was granted, which will be seen written out in the general judgment, and the appellants' exceptions thereto were set out in the judgment.

This cause was set down for hearing and argued orally and submitted for decision on the 23d day of May, 1928. Appellants filed their printed brief on the 14th day of May, 1928.

On May 22, 1928, appellee filed a separate motion to dismiss for failure of appellants to file transcript in time. On March 17, 1928, appellee filed a written stipulation waiving the filing of briefs in the trial court and agreeing that appellants could file briefs in this court at any time within 30 days prior to the submission of the cause. On May 22, 1928, appellee filed motion to strike out appellants' brief. Hon. Jno. C. Wall filed a very full affidavit of five pages, covering the questions of negligence and explanatory thereof.

[1-3] Rule 36 requires that:

"On or before the day fixed for the hearing of the cause and before the opening of the court, four copies of the brief of each party shall be filed in the office of the clerk of the court."

This is mandatory, and is in connection with other rules prescribed for good briefing, which means speedy justice. Appellee sought no extension of the time to file his brief, but stands, as he had a right to do, upon his right to cause the dismissal because of appellant's failure to file his brief in time to give him-

self reasonable time to reply thereto. Such failure gives the right under rule 38 to cause the dismissal. This is a legal right that we cannot gainsay, and the entire cause would be dismissed were it not for the fact that fundamental error is apparent upon the face of the record and also assigned.

Rule 38 further provides:

"If the motion be overruled, the Court of Civil Appeals shall give such direction to the cause as it may deem proper."

So we shall not consider appellant's brief, but order the same dismissed, as per appellee's motion, and consider the case alone on the question of fundamental error apparent of record.

The jury found that Gray had been in "peaceable and adverse possession of block 16, using, cultivating, enjoying, and claiming the same as his own, continuously for a period of more than ten years prior to the filing of this suit. It was a material issue in the case.

Limitations were properly pleaded and proof introduced on the plea during the trial. The issue as submitted was:

"Question No. 1. Did the plaintiff, Belle Kaliski, and the defendant C. J. Gray at any time during the year 1913 enter into any agreement that after judgment was obtained in the suit against J. A. Elliff, the land should be purchased at sheriff's sale and the title thereto taken in the name of plaintiff, and that she should thereafter hold the land as security for the payment of the notes of C. J. Gray to the plaintiff aggregating $3,250?"

The jury answered: "No."

"Question No. 2. Did the defendant C. J. Gray have peaceable and adverse possession of the land involved in this suit, cultivating, using and enjoying the same continuously for the full period of ten years before the filing of this suit on December 7, 1926?"

The jury answered: "Yes."

"Question No. 3. Was the lease contract which has been introduced in evidence and dated the 6th day of January, 1917, delivered by the defendant Gray to the plaintiff with the understanding by both parties that the same was to become operative and binding upon the parties at such time and from said date?"

The jury answered: "Yes."

[4] This was a material issue in the case, and the answers of the jury to questions 1 and 2 dispose of the issue that Mrs. Belle Kaliski was holding the title to the land in trust. These two findings are easily understood to mean that she was not so holding it, but that C. J. Gray was holding it adversely and claiming it for a definite period of time to toll the possession and claim of title under the statute in Gray's favor. Whatever facts or other issues were in the case, this was one of the most important. Whatever the facts may have shown on all the other issues, this finding in his favor and the action of

the court in setting aside the jury's finding was error such as to cause a reversal.

[5] If in the opinion of the court it erroneously submitted this question, not supported by any testimony satisfactory to the trial court, he thus arbitrarily set aside the answer to the finding he submitted himself and thereby ignored and substituted his finding for that of the jury, and wrote his judgment contrary to that finding. No district court in Texas has been vested with such arbitrary power, and, as this cause must be remanded for another trial, we refrain from further discussing the pleadings or facts.

We do not think the case has been fully and carefully tried, so it is the judgment of this court that the judgment of the trial court be reversed and the cause remanded for another trial.