## BROTHERHOOD OF RAILROAD TRAIN-MEN v. EDMONDS. (No. 8049.)

Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1928.

Rehearing Denied Nov. 28, 1928.

Robert P. Coon, of San Antonio, for appellant.

McAskill, Williams & Alter, of San Antonio, for appellee.

FLY, C. J. This suit was tried between January 3 and January 9, 1928, judgment being rendered on January 11. An appeal was perfected, and the record was filed in this court on April 28, 1928. The record contains 135 pages of typewritten matter, and the statement of facts covers 84 pages of type in addition to a book containing the constitution and general rules of the Brotherhood of Railroad Trainmen, printed matter which would amount to at least 150 pages of typewritten matter, and is attached to the statement of facts as a part thereof.

■ Five months after the record and statement of facts were filed in this court, that is, on September 28, 1928, a typewritten brief, containing 79 pages, was filed in this court, four days before the submission of this case on October 3, 1928. Of those four days one was Sunday, when usually work is set aside, leaving three days for appellee to prepare and file a brief, in answer to a brief in the preparation of which appellant had consumed five months. So flagrant a violation of the rules rarely occurs in preparing a case for submission, and it is in such disregard of the rules and the rights of appellee that this court is constrained to grant the motion to strike out the briefs and dismiss the appeal, as no fundamental error appears in the record.

The briefs are stricken from the files and the cause dismissed.

### On Motion for Rehearing.

■ Appellant seeks to have the judgment of dismissal heretofore rendered for failure to file briefs set aside, on the ground that there was a waiver by appellees of the filing of the brief in the lower court; that there is fundamental error shown by the record; and that this court and others have held that briefs filed as late as the filing in this case was not cause for dismissal.

The agreement as to the filing of briefs was:

"Comes the plaintiff, Ima J. Edmonds, acting herein by and through her attorneys of record, McAskill, Williams and Alter, and waives the

preparation and filing in this cause of plaintiff's brief in the trial court and agrees that same may be filed in the Court of Civil Appeals in due time."

· Under that agreement the cause would not be dismissed for failure to file a brief in the trial court, and would not have been dismissed on the ground of a failure to file in this court at the time it was filed, if it could reasonably be held that the brief was filed in "due time." It cannot with any degree of reason be contended that the briefs were filed in "due time" within the contemplation of the agreement, and no such contention has been seriously made. "Due time" must have meant within the statutory time, or at least within the time necessary to assure appellee sufficient time in which to prepare and file a brief in answer to the brief of appellant. As was stated in our former opinion, there are 79 typewritten pages in the brief, and we now call attention to the fact that there are nine assignments of error, with nine propositions thereunder, calling for a thorough review of 150 pages of facts and of 35 authorities cited by appellant. To make this reply appellee was given three working days before the day set for submission of the cause. This court has been lenient on the subject of filing briefs, when doubtless it would have been better if the statute, article 2283, Revised Statutes of 1925, had been strictly enforced. That leniency has been made the ground for a rehearing in this case. However, no case decided by this court has ever condoned a violation of the statute as flagrant as the one in this case. In the latest published opinion of this court, in Gray v. Kaliski (Tex. Civ. App.) 8 S.W.(2d) 203, the brief of appellant was filed more days before the day set for submission than was this brief, and this court, through Associate Justice Cobbs, held:

"Appellee sought no extension of the time to file his brief, but stands, as he had the right to do, upon his right to cause the dismissal because of appellant's failure to file his brief in time to give himself reasonable time to reply thereto. Such failure gives the right under Rule 38 to cause the dismissal."

The briefs in that case were not considered, but, because the record disclosed fundamental error through the action of the court in ignoring findings of fact made by the jury, the judgment was reversed.

■ The errors claimed to be fundamental in this case are dependent on the facts and would require a resort to the statement of facts to ascertain their merit. As said by the Supreme Court in Houston Oil Co. v. Kimball, 103 Tex. 95, 122 S. W. 537:

"This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which can not be made apparent by an examination of the record, therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily."

The motion for rehearing is overruled.