A. F. Luse et al. v. Ginnie W. Gibson et vir.

No. 5375.   Decided January 29, 1930.
(23 S. W., 2d Series, 328.)

*W. R. Silliman* and *John F. Weeks,* for plaintiffs in error.

*Hart Johnson* and *Joe G. Montague,* for defendants in error.

Mr. Judge RYAN delivered the opinion of the Commission of Appeals Section B.

"This is an appeal by writ of error from a judgment rendered by Honorable Court of Civil Appeals for the Eighth District, substantially as follows:

"This is an appeal by writ of error from a judgment rendered by the District Court of Pecos County at its term ending September 29th, 1928, Judge C. R. Sutton presiding.   Said term might by law continue in session for three weeks.   Art. 199, Sect. 83, R. S. Motion for new trial by defendants below, plaintiffs in error here, was overruled September 29th, 1928.   In the order overruling such motion it was further ordered 'that the defendants have eighty days from this date to prepare and file their bills of exception and a statement of facts.'   This order, it seems, added nothing to the time granted by Article 2246, R. S.   The statement of facts and bills of exception were filed in the Court below on December 19th, 1928. Said date was the 81st day after adjournment.   The statement of facts and bills of exception were thus filed one day after the time limited by both the court's order and Article 2246 R. S.   Application for writ of error and bond were filed February 5th, 1929, which

was in due time. Appellees have filed no motion in this court to strike out the statement of facts and bills of exception or that they be not considered.

"At the end of each bill of exception appears the following:

" 'Approved and ordered filed.

" 'C. R. Sutton, Judge.'

"The date of this approval and order by Judge Sutton does not appear.

"The statement of facts was agreed to by the parties and approved by Judge Sutton and 'ordered filed in duplicate, and as a part of the record in said cause on appeal.' The date of this approval and order does not appear.

"No motion has been filed by plaintiffs in error to have the statement of facts considered under the provisions of Art. 2245, R. S."

&ast; &ast; &ast; &ast; &ast; &ast;

"Whether or not the statement of facts and bills of exception in the present case should be considered is material to the proper decision of the case.

"In the confused state of the authorities and on account of the importance of the question in the present case this court deems it advisable to present to the Supreme Court for adjudication under Article 1851, R. S., and it does hereby so present to such Court this question:

"Shall the statement of facts and bills of exception, or either of them, be considered?"

The third paragraph of Art. 2246, Rev. Stat. 1925, provides that the *trial judge* may upon request of the appealing party, in term time or vacation, for good cause shown, extend the time for filing statements of fact and bills of exception, beyond the eighty days allowed as a matter of right in the first paragraph of said article—the only limitation being that such extension or extensions of time shall not delay the filing of the statement of facts and transcript of the record in the appellate court within ninety days after the date of filing the appeal or writ of error bond.

This case does not present any issue of a statement filed in the Court of Civil Appeals after the ninety days' period, and after the trial court had lost jurisdiction by reason of a previous filing of an appeal bond, as referred to in Gerneth v. Galbraith, 117 Texas, 205, 300 S. W., 17, and as is provided for in Art. 2245, Rev. Stat. 1925, and, therefore, the answer to the question certified hinges upon this point:—Whether the trial judge's endorsement on each bill of ex-

ceptions *"Approved and ordered filed,"* and on the statement of facts (agreed to by the parties and approved by Judge Sutton), *"ordered filed in duplicate and as a part of the record in said cause on appeal,"* is a sufficient extending of the time for filing such statement of facts and bills of exception.

The present statute (Art. 2246, Rev. Stat. 1925) does not require such extension to be by order entered of record in the Minutes of the trial court, neither did its corresponding old Art. 2073, Rev. Stat. 1911, as amended by Sec. 7, Chap. 119 of the Acts of the 32d. Legislature, in construing which, this Section of the Commission of Appeals speaking through Presiding Judge McClendon, in Robertson v. Lee, 249 S. W., 218, uses the following language:

"The trial judge had the power, at the time he ordered the bills filed, to enter an extension order, which would authorize their filing. R. S. Art. 2073. But it is contended that in the absence of such order the bills were filed too late. To sustain this contention would, in our opinion, be out of harmony with the spirit of the decisions of our Supreme Court, which have uniformly given a liberal construction to rules and statutes governing matters of procedure, requiring only that they be substantially complied with. Stephens v. Herron, 99 Texas, 63, 87 S. W., 326; Hamill v. Samuels, 104 Texas, 46, 133 S. W., 419.

"Each of the bills contained an order to the clerk that it be filed as a part of the record in the case. These orders were in themselves tantamount to an order extending the time for filing, and substantially met every requirement of the statute. A formal order extending the time would have added nothing to the substance of what the judge had already done, and would have been an act of supererogation. Its absence affected no right or interest of any of the parties, and to require it could be defended only on highly technical grounds. We think the Court of Civil Appeals was in error in striking out the bills."

This rule was correctly followed by the Waco Court of Civil Appeals in 268 S. W., 522.

In Golden West Oil Co. v. Golden Rod Oil Co., 285 S. W., 627 (affirmed in an opinion by Judge Bishop of Section A, Commission of Appeals, 293 S. W., 167) the precise question of whether approval by trial judge of a statement of facts presented to him after refusal of attorney for defendant in error to sign them, because not presented in time and incorrect and incomplete, amounted to an extension of time for filing, under Paragraph 3 of Art. 2246 Rev. Stat.

1925, was before the Fort Worth Court of Civil Appeals, and correctly answered in the affirmative.

We, therefore, recommend that the question be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.