## ANDERSON v. WALTON.
### No. 2320.

Court of Civil Appeals of Texas. El Paso.
March 6, 1930.

S. J. Dodson and Knollenberg & Cameron, all of El Paso, for plaintiff in error.

R. J. Channell, of El Paso, for defendant in error.

### WALTHALL, J.

This suit was brought by plaintiff in error against defendant in error. The cause of action is stated in two counts. The first count is in the usual form of trespass to try title to lots 22, 23, 24, and 26 in block 3, Tobin's Washington Park addition to the city of El Paso. The petition states what is alleged to be the reasonable annual rental value of the property, and prays for judgment for the possession of the premises and for the value of the rents and costs.

The second count alleges that plaintiff in error is the owner of a lease of the premises, describing same as in the first count, which ran for a term of five years from October 1, 1925; that on December 1, 1927, being entitled to do so, he sublet the premises to defendant in error for the sum of $100 per month for a period of approximately three years; that by mutual mistake of the parties and mistake of the scrivener the terms of said lease as written did not contain the principal part of what it should have contained; that is, that defendant in error at his service station should use exclusively the oil, gas, and other products of plaintiff in error; that plaintiff in error is in the wholesale gas and oil business, and sublet said premises to defendant in error upon condition that he buy gas and oil from him; that he placed machinery of the alleged value upon the premises; that he loaned defendant in error an amount of money stated, and extended him credit to the sum stated upon the agreement that defendant in error would use his products at the filling station.

Plaintiff in error alleges other matters which we need not state here. A breach of the lease as plaintiff in error alleges it to be is stated, that $100 is due on said lease for the month of November, 1928. Damages in the sum of $500 are prayed for.

Defendant in error pleaded not guilty to the first count and general and special denial to the second count as to mutual mistake, except as specially admitted.

The case was tried to a jury, and, when the evidence was heard, the court instructed a verdict in favor of defendant in error on all matters pleaded except as to the sum of $100, and for which amount the verdict was instructed for plaintiff in error. Judgment was rendered as indicated by the instructed verdict. The court overruled a motion for a new trial filed by plaintiff in error. Plaintiff in error prosecutes this appeal by writ of error.

### Opinion.

The case was tried in the district court on December 13, 1928. The motion for new trial was heard and overruled December 31, 1928. The term of the court at which the case was tried adjourned on January 5, 1929. The statement of facts was approved and filed in the trial court on June 12, 1929, and filed in this court on June 13, 1929, with the direction of the trial court that it be filed as a part of the record in said cause on this the 12th day of June, 1929.

The court made no finding of facts, and the statement of facts made up from the evidence and found in the record defendant in error insists was not filed within the time required by the statute, and for that reason should not be considered.

This court recently certified the case of Luse v. Gibson (Com. App.) 23 S.W.(2d) 328, on a similar question, and on the answer to the certified question in that case we will consider the statement of facts.

 Plaintiff in error's suit is based upon a written lease executed by plaintiff in error to defendant in error. The lease is unambiguous, and needs no interpretation. Plaintiff alleges that the terms of the lease as written were not all contained in the lease, but that the terms not contained therein were omitted by "mutual mistake of the parties" to the lease and by "mistake of the scrivener" who prepared said lease. If the evidence was such as, prima facie, showed such mutual mistake in the preparation of the lease, that is, did not express the mutual agreement of the parties, as each intended and agreed should be expressed in the lease, courts of equity will grant relief. But cquity courts do not grant relief against an entirely unilateral mistake in the absence of fraud. May v. San Antonio & Aransas Pass Townsite Co., 83 Tex. 502, 18 S. W. 959; Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714, 716, 4th par.; Price v. Biggs (Tex. Civ. App.) 217 S. W. 236; Taylor Cotton Oil Co. v. Early-Foster Co. (Tex. Civ. App.) 204 S. W. 1179.

Plaintiff in error testified: "I wrote the lease myself * * * I gave him (defendant in error) the lease myself. * * * In that (lease) it did not specify he was to handle our products, but that, as a matter of course was so clearly understood, I really didn't think it was necessary to put it into the lease. It was already so clearly understood in my mind that I really didn't think it was necessary to incorporate it into that lease, for the reason that he had been operating for the best part of a year already and had been using our products straight along, and the matter had never been questioned. This agreement between us, that he was to use our products exclusively, was not included in the lease because I simply overlooked that point, because it had never before been questioned. * * * I gave this (lease) to Mr. Walton and I heard from him on this later. The understanding was that it was satisfactory. I filed a suit in the Justice Court, in which I claimed that Mr. Walton had forfeited his lease out there. Then I went up, without disposing of that case, and filed a suit in Judge Price's court, the 41st District Court, claiming the same thing. He had offered to pay those rentals. Later, after I filed those suits, I accepted the rentals as they became due and used the money. He paid the rental up until this suit was filed up here, and offered to pay for the month of November, after the suit was filed here and we refused to accept the November rental.

We accepted the entire rental for the month of October. During October I wanted to file another suit in this court, and had to wait until October ran out and another month's rent would be due, so that I could bring this suit after the 1st of November. He offered to pay that and we refused to accept it."

The evidence does not show mutual mistake in the execution of the lease of March 1, 1928.

The court was not in error in instructing a verdict.