## WHITE v. TAYLOR et al.

### No. 1289–5354.

Commission of Appeals of Texas, Section A.

March 4, 1931.

E. J. McLeroy, of Center, Fred A. White, of Port Arthur, and Kitching & Kenna, of Beaumont, for plaintiff in error.

James M. Sanders and W. W. Lane, both of Center, for defendants in error.

HARVEY, J.

This suit was brought in the district court of Shelby county, by the plaintiff in error, Fred A. White, against the defendants in error, Boyer Taylor and others. The trial court rendered judgment in favor of the latter, and White sued out a writ of error. The Court of Civil Appeals affirmed this judgment, after having sustained the motion of the defendant in error to strike out the statement of facts which appeared in the record. 11 S.W.(2d) 374, 375. The Supreme Court has granted White's application for writ of error, on the alleged ground of conflict between the ruling of the Court of Civil Appeals, on the motion to strike out the statement of facts, and that of the Court of Civil Appeals for the Second District in the case of Golden West Oil Company v. Golden Rod Oil Company, 285 S. W. 627.

The facts relevant to the motion to strike out, and the respective contentions of the parties, are thus stated in the opinion of the Court of Civil Appeals:

"This is an appeal by writ of error. The term of court wherein this case was tried convened February 13, 1928, and adjourned March 23, 1928. By law it could not continue in session eight weeks. Final judgment was entered in this case on March 13, 1928. The statement of facts was filed in the trial court June 30th, with the following approval by the trial judge:

" 'The above and foregoing 49 pages of typewritten matter having been agreed to by the parties to the above entitled and numbered cause as the statement of facts therein, and having been examined by me and found to be correct, is approved by me and signed as the statement of facts therein. This 22nd day of June, A. D. 1928. R. T. Brown, Judge Fourth Judicial District.'

"No order extending the time of filing was ever requested by plaintiff in error, nor was such an order made by the judge. Plaintiff in error gave due notice of appeal, and duly filed an appeal bond April 11th, but, abandoning his appeal, filed his petition for writ of error and writ of error bond May 14th. Service of citation in error was had on May 14th. On the facts stated, defendants in error have moved to strike out the statement of facts on the ground that it was not duly filed in accordance with the provisions of article 2246, Revised Civil Statutes, 1925. Plaintiff in error has offered no excuse for not filing the statement of facts sooner, nor for his failure to ask and secure an extension of time for filing. By his answer he insists that the statement of facts was duly filed within the time required by article 2246, and the general law regulating the filing of the statement of facts. Since his appeal is by writ of error and the statement of facts was filed in time so as not to delay its filing together with the transcript of the record in the appellate court within 90 days from the filing of the writ of error bond, plaintiff in error insists that it was duly filed. He further insists that the 80 days allowed for filing statement of facts in appeals by writ of error run from the filing of the writ of error bond rather than from and after adjournment of the term of court wherein the case was tried."

In the case of Golden West Oil Company v. Golden Rod Oil Company, supra, the Court of Civil Appeals at Fort Worth, under a state of facts the same in material respects as in the instant case, held, in effect, that the approval of a statement of facts by the trial judge implies the granting of an extension of time for filing, as authorized by subdivision 3 of article 2246 of the statutes. That holding has been expressly approved in an opinion written by Judge Ryan of Section B, and adopted by the Supreme Court. Luse v. Gibson, 23 S.W.(2d) 328. Guided largely by those cases, we have concluded that the approval by Judge Brown, of the statement of facts in the instant case, on June 22, 1928, implies an extension of time for the filing of the statement of facts to such an extent as would not delay the filing of said statement of facts, together with the transcript of the record, in the appellate court within ninety days after

the filing of the writ of error bond, as prescribed by the statute. Since the statement of facts in question was filed in the lower court at such a time as not to delay the filing of the record in the Court of Civil Appeals, the latter court erred in sustaining the motion to strike same.

We therefore recommend that the judgment of the Court of Civil Appeals, affirming the judgment of the trial court, be reversed and that the cause be remanded to the Court of Civil Appeals for further consideration by that court.

### CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed and the cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.