**RUTHERFORD v. DALLAS JOINT STOCK LAND BANK.**

No. 1704.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1936.

Rehearing Denied March 19, 1936.

Lynn B. Griffith and W. D. Colvin, both of Waxahachie, for appellant.

Renfro, McCombs & Kilgore, of Dallas, for appellee.

ALEXANDER, Justice.

This suit was brought by Dallas Joint Stock Land Bank against Mrs. Mary Rutherford and husband, G. G. Rutherford, and others, in trespass to try title to recover the title and possession of 56 acres of land in Ellis county. The jury returned a verdict on special issues in favor of the plaintiff, and judgment was entered accordingly. Mrs. Rutherford has appealed.

■ The appellant complains of certain alleged improper argument to the jury on the part of counsel for appellee. The loan company acquired its purported title to the land in question through a sale under a deed of trust executed by Mrs. Rutherford and her husband in 1919. Mrs. Rutherford contended that the deed of trust was void because the land constituted a part of her homestead at the time it was executed, and because the land was her separate property and she did not properly acknowledge the deed of trust. She and her husband had separated several years prior to the time the loan papers were signed, but they were not divorced. She claimed that she was forced to sign the loan papers as the result of threats by her husband and without knowing the contents of the instruments. Bearing on the issue of whether the land covered by the deed of trust constituted a part of the homestead, it was material to determine whether at the time the deed of trust was executed Rutherford still owned a certain $57\frac{1}{2}$ acres of land in Navarro county previously occupied by the family as a part of the homestead. The deed records disclosed that he had deeded the land to a bank at Ennis, and there was no evidence of a reconveyance. With the record in this condition, counsel for appellee in his closing argument to the jury, in order to convince the jury that said bank in Ennis had reconveyed said $57\frac{1}{2}$ acres of land to Rutherford prior to the time when the deed of trust in question was executed and that therefore Rutherford and his wife together owned and had available as a homestead at least 200 acres without including the land covered by the loan company's deed of trust, made the following statement: "The defendant has shown you where $57\frac{1}{2}$ acres of land (the Navarro County land) was deeded to a bank at Ennis in December, 1918. Now I will tell you about that transaction. Ru-

therford had the deed to this and failed to put it of record and I will tell you where he put it. He put that deed in his pocket."

This argument was objected to by the attorney for the appellant, and his objection overruled. The effect of this argument was to tell the jury that the land had been reconveyed by said bank to Rutherford, and that he actually owned it at the time of the execution of the deed of trust on the land here involved. This was the vital question before the jury. There was no evidence whatever to support such a conclusion on the part of the attorney for appellee. Of course, if the attorney actually knew that Rutherford had received a reconveyance to the land from the bank and that he kept the deed in his pocket instead of recording it, he should have taken the witness stand and so testified, and given the opposite side an opportunity to cross-examine him as to the correctness of his statement. He should not have waited until the taking of testimony had closed and the opportunity for cross-examination had passed and then proceeded to give material testimony to the jury. That such argument probably influenced the jury is shown by the fact that, notwithstanding the deed records disclosed that Rutherford and wife did not own as much as 200 acres of land in Navarro county, the jury found to the contrary. Such procedure has heretofore been held by the appellate courts of the state to present reversible error. Dallas Railway & Terminal Co. v. Smith (Tex. Civ.App.) 42 S.W.(2d) 794, pars. 2 and 3; Robbins v. Wynne (Tex.Com.App.) 44 S.W.(2d) 946; Bell v. Blackwell (Tex. Com.App.) 283 S.W. 765; Gulf C. & S. F. Ry. Co. v. Ballew (Tex.Com.App.) 66 S.W.(2d) 659, par. 6.

The attorney for appellee in his closing argument to the jury further said: "If you gentlemen hold that the Dallas Joint Stock Land Bank is not entitled to this land then you gentlemen can go out and prepare yourselves to protect your land with your gun. You might as well tell your Commissioners Court and county clerk to sell the records, then burn down the court house, because there will be no stability of records and titles to your land."

The above argument was objected to by counsel for appellant, and the objection overruled. It is hardly necessary to cite authorities to show that such threats, intimidations, and appeals to the prejudice of the jury, having a tendency to cause the jury to forget their oaths and duties and to return a verdict without regard to the true facts, have long since been condemned as improper. See McClintic v. J. D. Young Corporation (Tex.Com.App.) 66 S.W.(2d) 676.

The appellee contends that we should not consider the bills of exceptions presenting the above-mentioned improper argument because same were not filed in time. The record discloses that final judgment was rendered February 27, 1934, and the motion for new trial overruled March 3, 1934. The bills of exceptions were not filed until August 15, 1934, and there was no general order entered by the trial judge extending the time for filing bills of exceptions. Revised Statutes, article 2246, as amended, Acts 1931, 42d Leg., p. 100, c. 67 (Vernon's Ann.Civ.St. art. 2246) requires that bills of exceptions be filed in the lower court within 50 days after final judgment or order overruling motion for new trial, but it is further provided by the same article that the judge of the trial court may for good cause shown extend the time for filing bills of exceptions, provided such extension shall not delay the filing thereof beyond the time for filing the transcript in the Court of Civil Appeals. In the case at bar, the appellant was unable to secure the transcript and statement of facts so as to file them within the time provided by law. See Rutherford v. Vandygriff (Tex.Civ.App.) 73 S. W.(2d) 569. For good cause shown upon motion timely filed, we extended the time for filing the transcript and statement of facts in this court to October 4, 1934, as we were authorized to do under the provisions of Revised Statutes, art. 1839, as amended Acts 1933, 43d Leg., p. 142, c. 67 (Vernon's Ann.Civ.St. art. 1839). Therefore, the filing of the bills of exceptions in the lower court on August 15, 1934, did not delay the filing of the transcript in this court.

The trial judge did not enter a general order extending the time for filing bills of exceptions, but the bills here under consideration contained the following indorsement signed by the trial judge: "The foregoing bill of exception * * * having been presented to the undersigned judge of said court for allowance and signature within the time prescribed by law, * * * is hereby allowed, approved and ordered filed by the clerk of this court as part of the record in such cause, this 15th day of August, 1934."

Such an order was held to be a sufficient extension of time for the filing of bills of exceptions under article 2246 prior to its amendment. Luse v. Gibson, 119 Tex. 15, 23 S.W.(2d) 328; Robertson v. Lee (Tex.Com.App.) 249 S.W. 217. We see no reason why the same rule should not apply under the present statute. We are, therefore, of the opinion that the bills of exceptions above referred to are properly before us, and that it is our duty to consider the same.

For the errors above mentioned the judgment of the trial court is reversed, and the cause remanded for a new trial.