## BROOKING v. BALL et al.

### No. 3488.

Court of Civil Appeals of Texas. El Paso.
March 18, 1937.

Rehearing Denied April 15, 1937.

P. Harvey and A. F. Sundermeyer, both of Houston, for plaintiff in error.

Fouts, Amerman & Moore, of Houston, for defendants in error.

WALTHALL, Justice.

Defendants in error, H. H. Ball and Percy Howell, individually and as composing the copartnership of Ball & Howell Company, brought this suit in trespass to try title to certain city lots in the city of Houston, Tex., and fully described in the petition, claiming to own and hold said lots in fee-simple title. The suit was brought against Mrs. Jeanette Brooking, a widow, plaintiff in error, claiming to own

said lots adversely to defendants in error. Mrs. Brooking filed an answer and cross-action in trespass to try title to said property, bringing into the suit Mrs. Frances O. Howell, wife of Percy Howell, to whom a deed to the property had been made by H. H. Ball and Percy Howell, pendente lite. Mrs. Frances Howell filed answer and cross-action in trespass to try title to Mrs. Brooking's suit. Mrs. Frances O. Howell's answer consisted of a general demurrer to Mrs. Brooking's cross-action, a general denial, plea of not guilty, and by cross-action alleged title in herself, under the deed from Ball and Howell, and prayed for judgment and possession of the lots and for rents, stating same.

To Mrs. Howell's intervention Mrs. Brooking answered by general denial, plea of not guilty, pleas of the statute of limitation of three, five, and ten years, and that Mrs. Howell's suit for rents is barred by limitation of four and two years.

As to Percy Howell and Mrs. Frances Howell, Mrs. Brooking further by cross-action alleged ownership of said property, and possession under recorded deed for three and ten years; that she acquired title from Mary E. Pearce and husband, for the consideration stated, the deed taken in the name of her husband, H. C. Brooking, who thereafter conveyed to her.

Defendants in error claim title from a common source by reason of deed from Pearce to H. C. Brooking, attachment proceedings and judgment in cause styled Ball & Howell v. H. C. Brooking, suit brought against H. C. Brooking in his lifetime and attachment levied during his lifetime, and prosecuted against Mrs. Brooking as independent executrix of his estate after his death, which judgment foreclosing the attachment lien was rendered, affirmed on appeal of said cause, and sheriff's sale held under the judgment, the property bought in by H. H. Ball and Percy Howell and by them conveyed to Frances O. Howell.

Mrs. Brooking's claim of title is based upon an unrecorded deed from her husband, made after the levy of the attachment and pending the suit of Ball & Howell against her husband, and upon a claim under the three-year statute of limitation of adverse possession. (Vernon's Ann.Civ.St. art. 5507).

Under instruction of the court the jury found in favor of Mrs. Frances O. Howell, joined by her husband, Percy Howell, both on her answer and cross-action against Mrs. Jeanette Brooking, and against the defendant and cross-plaintiff, Mrs. Jeanette Brooking on her answer and cross-action; and also find that H. H. Ball and Percy Howell take nothing individually by their suit.

The court entered judgment on the jury's verdict as instructed.

The court overruled Mrs. Brooking's motion for a new trial, and she prosecutes this appeal.

### Opinion.

On motions to strike statement of facts and briefs:

■ Defendants in error, on December 31, 1936, filed in this court their motion to strike the statement of facts, for the reason that the statement of facts was not filed in the trial court within fifty days after the perfection of the writ of error, as provided by the amendment to article 2246, R.C.S., by Acts of 42d Leg.1931, p. 100, c. 67 (Vernon's Ann.Civ.St. art. 2246), and it not appearing that an extension of time for filing the statement of facts was granted.

Plaintiff in error objects to a consideration of the motion because not filed within the time required by the rules.

Without discussing the questions presented, it does appear that the statement of facts was approved by the trial judge and ordered filed. In White v. Taylor et al. (Tex.Com.App.) 36 S.W.(2d) 181, and in Golden West Oil Co. v. Golden Rod Oil Co. (Tex.Civ.App.) 285 S.W. 627, it was held, in effect, that the approval of a statement of facts by the trial judge implies the granting of an extension of time for filing. That holding was expressly approved by the Supreme Court in Luse v. Gibson, 119 Tex. 15, 23 S.W.(2d)· 328.

The trial judge had the power, at the time he ordered the statement filed, to enter an extension order. The facts show that the statement of facts was not subject to any motion to strike.

■ Defendants in error also file a motion to strike the brief of plaintiff in error. Notice was given on September 5, 1936, that the case was set for submission on January 4, 1937, and for oral argument on January 11, 1937. Plaintiff in error gave defendants in error a copy of the brief on December 4, 1936, and filed the briefs on December 5, 1936. Defendants in error filed their briefs on January 4, 1937.

The statutes (Vernon's Ann.Civ.St. art. 1848) and rules governing the filing of

briefs are mandatory, Gray v. Kaliski (Tex. Civ.App.) 8 S.W.(2d) 203, but the time for filing briefs is directory and not mandatory, and it has often been held that if the appellee is not injured by the failure of appellant to file briefs within the required time the court will not dismiss the appeal. 3 Tex.Jur. p. 928, and cases cited in note 9, without copying them here. In the same volume, page 929, and·notes, it is said that the court will not refuse to consider appellant's briefs when they are filed in time to allow appellee time to prepare and file a reply brief before the submission of the cause. The motion is overruled.

On the merits of the case:

 As we view this case on its merits, the only questions presented seem to be: Did Ball & Howell secure the title to the property in controversy in their attachment suit against H. C. Brooking, and if they did, was the title to the property thereafter lost to them and to Mrs. Frances O. Howell by reason of the statute of limitations of three years?

The record shows without controversy that at the time of ·the suit of Ball and Howell against H. C. Brooking the title to the property was in H. C. Brooking and the deed recorded. Ball & Howell sued Brooking on a debt, and pending the suit had a writ of attachment levied upon said property during the lifetime of Brooking. Pending the suit Brooking made a deed to his wife, which deed she did not place of record pending that suit until sometime after the levy of the writ of attachment. While suit was .pending Brooking died testate, leaving his property to his wife, and appointing his wife independent executrix of his estate; she qualified, and was made defendant in the attachment suit as independent executrix of the estate of her husband. The attachment suit was prosecuted to final judgment against Mrs. Brooking, the attachment lien was foreclosed, the property sold, and Ball & Howell became the purchasers, and thereafter conveyed the property to Mrs. Frances O. Howell.

Thereafter Mrs. Brooking filed this suit claiming title to the property under the deed from her husband, and claiming that the property was purchased by her husband, at least partly, with her separate property. In her suit she made Ball, Howell, and Mrs. Howell parties defendant.

Mrs. Brooking's suit resulted in an instructed verdict and judgment as above stated.

Much of the above statement is not found in the record, but is taken from the briefs of opposing counsel.

There is no claim made, and no evidence in the record to show that Ball and Howell, or either of them, had knowledge or notice of Mrs. Brooking's claim to any title or interest in the property prior to or at the time of the levy of the attachment upon the property. Under the registration statutes (Vernon's Ann.Civ.St. art. 6602 et seq.) an attachment prevails over a deed or written contract relating to realty which has not been recorded, and of which the attaching creditor has no knowledge or notice. Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S.W. 174; Catlin v. Bennatt, 47 Tex. 165; and other cases referred to in 5 Tex.Jur. p. 231, under note 5. Here the deed to the property was in H. C. Brooking, the debtor in the attachment proceedings. There is no irregularity suggested in the attachment proceedings, and the only suggestion made as to why the title to said property did not pass to Ball and Howell by the attachment suit, judgment, and sale of the property, is the undisclosed interest of Mrs. Brooking. She claims under the unrecorded deed from her husband executed after the levy of the attachment. We have concluded that the title to the property passed to Ball & Howell under the foreclosure sale, and to Mrs. Howell. under their conveyance to her.

 The 'only other question we think to discuss is that of the bar of the three years' limitation. The plea is made as to Mrs. Frances O. Howell—the plea is that Mrs. Brooking "has had and held peaceable, continuous and adverse possession of the lands and premises (identifying · same), claiming and holding the same under title and color of title from and under the sovereignty, for more .than three years next after the cause of action of the said Mrs. Frances O. Howell accrued, and before the filing of said cross action by her."

The attachment suit referred to was filed and the attachment was levied July 2, 1929. Judgment was rendered in the trial court foreclosing the attachment lien on February 16, 1933; the case was appealed and affirmed by the Court of Civil Appeals,[1]

---

[1] No opinion for publication.

S.W.(2d) the land sold and purchased by Ball & Howell in February, 1934. Mrs. Howell's cross action was filed October 27, 1934.

The court was not in error in not submitting the issue of limitation and in instructing the verdict.

Plaintiff in error presents many propositions which we have not discussed. They are more or less related to those discussed. We have considered them and they are overruled.

The case is affirmed.

### On Motion for Rehearing.

In our judgment we said: "Pending the suit Brooking made a deed to his wife." That statement is erroneous. The record shows the deed from Brooking to his wife is dated December 12, 1928, and was filed for record July 23, 1929, and recorded July 26, 1929, and that appellee's writ of attachment was levied upon the property on July 2, 1929. At the time the attachment was levied the record title was in Brooking.

 We are not prepared, under the pleading and evidence, to find from the record that Brooking made a parol gift of the property to Mrs. Brooking in 1914, as requested by appellant in her motion.

We think also that Mrs. Brooking was at all times a necessary party to the suit, both individually and as executrix of the estate.

We hold, as in the opinion, that no reversible error is shown in instructing the verdict.

The motion is overruled.