## LAMBERT v. HOUSTON FIRE & CAS. INS. CO.

### No. 4842.

Court of Civil Appeals of Texas. Beaumont.

Sept. 11, 1952.

· Houston Thompson, Silsbee, for appellant.

Cecil, Keith & Mehaffy, Beaumont, for appellee.

PER CURIAM.

■■ We have heretofore granted appellee's motion to strike the statement of facts because of a noncompliance with T.R.C.P. 381, and appellant has moved for a rehearing, alleging two grounds, namely, (1) the agreement of counsel approving the statement of facts, which states that the document "may be filed as such among the papers of the cause" and (2) the order of the trial court approving the statement of facts and ordering it filed. The statement of facts was filed in the trial court on the last day of the period within which it might have been filed in this court, and it was also filed in this court on that day. Both the trial court's order and the agreement of counsel were made after the fifty days prescribed by T.R.C.P. 381 but, of course, within the sixty days prescribed by T.R.C.P. 386, counting the extension effected by T.R.C.P. 4. Both grounds of the motion for rehearing are sustained and the appellee's motion to strike the statement of facts is denied. The agreement of counsel must be given the effect of waiving the failure to file the statement of facts in the trial

court within the fifty days prescribed by T.R.C.P. 381. Concerning waiver, see: Brown v. Orange County, 48 Tex.Civ.App. 470, 107 S.W. 607; Tunstill v. Scott, Tex. Civ.App., 144 S.W.2d 604; Vela v. Southland Life Insurance Co., Tex.Civ.App., 212 S.W.2d 210, rev. on other grounds, 147 Tex. 478, 217 S.W.2d 660. But regardless of waiver, the trial court had power to extend the time for filing the statement of facts when the order of approval was made, and the terms of that order effected such an extension. See: Luse v. Gibson, 119 Tex. 15, 23 S.W.2d 328; White v. Taylor, Tex.Com.App., 36 S.W.2d 181; Rutherford v. Dallas Joint Stock Land Bank, Tex.Civ.App., 91 S.W.2d 1182; Brooking v. Ball, Tex.Civ.App., 104 S.W.2d 884; Herman v. Rountree, Tex. Civ.App., 162 S.W.2d 144; Seaboard Fire & Marine Ins. Co. v. Halbert, Tex.Civ. App., 173 S.W.2d 180. And see the note of the advisory committee following T.R. C.P. 381.

Appellee is given 30 days to file a brief on the merits of the appeal, and the cause is set down for oral argument on October 16, 1952.